JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Michael Ridgeway appeals the sentencing by the trial court and claims that the trial court's imposition of consecutive terms of incarceration are unfair and contrary to law under the sentencing guidelines. Defendant also claims that the trial court made erroneous evidentiary rulings and that he was denied effective assistance of counsel. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} On October 22, 2002, the Cuyahoga County Grand Jury indicted defendant on seven counts: one count of aggravated robbery, in violation of R.C. 2911.01; one count of robbery, in violation of R.C. 2911.02; one count of kidnaping, in violation of R.C. 2905.01; one count of theft, in violation of R.C. 2913.03; two counts of intimidation, in violation of R.C. 2921.04; and one count of breaking and entering, in violation of R.C. 2911.13.
 {¶ 3} The charges in this case arose from events that occurred on September 16, 2002. Rachel Meszes, a student at Cleveland State University ("CSU"), was attacked by defendant while she was sitting in her car in a CSU parking lot. Defendant demanded her money and choked her until she blacked out. Defendant pushed Rachel into the passenger seat and drove her car out of the parking lot. Rachel was crying and hysterical. Defendant threatened to have sex with her and hurt her. Defendant also took her student identification card and threatened to kill her and her family if she reported him. After driving around for 20 minutes, defendant stopped the car at St. Vincent's Charity Hospital and got out. Defendant again threatened to kill Rachel and then left. Rachel drove her car away and called 911 to report the incident. Shortly thereafter, Rachel met with members of the CSU and Cleveland Police Department to give a detailed description of the defendant and full details of the incident.
 {¶ 4} On September 26, 2002, Det. Dale Moran of the Cleveland Police Department saw a man fitting Rachel's description at Alliance Care Center, a medical facility for the homeless, located at East 22nd and Payne Avenue. The security guard inside Alliance told Det. Moran that the man was the defendant and would be returning to Alliance later that afternoon. Det. Moran entered defendant's name into the computer and learned that defendant had a "minor infraction" in Cleveland Heights that needed to be cleared up. Det. Moran returned to Alliance later that afternoon and arrested defendant based upon the unresolved Cleveland Heights matter.
 {¶ 5} On September 27, 2002, defendant was placed in a line-up and was positively identified by Rachel as her assailant. Det. Moran and Det. Vincent Colbert of the CSU Police Department interviewed defendant following the line-up. Defendant told the detectives that he was HIV positive. He also told the detectives, prior to being asked, that he had nothing to do with the robbery at CSU. Det. Colbert researched the CSU Police Department's records and learned that defendant had been given a trespass warning by the CSU police in May 2001 and told to stay off of CSU property.
 {¶ 6} On October 29, 2002, defendant appeared before the trial court and entered pleas of not guilty. On January 29, 2003, a jury trial began. On February 4, 2003, the jury returned guilty verdicts on all seven counts charged in the indictment. Defendant was sentenced to eight years on the aggravated robbery count, seven years on the kidnaping count, one year on the theft count, four years on the two intimidation counts, and six months on the breaking and entering count. The sentences for the aggravated robbery, kidnaping, and intimidation counts were consecutive. The total sentence was 19 years.
 {¶ 7} Defendant now appeals and raises the following four assignments of error.
 {¶ 8} "I. Michael Ridgeway was denied his constitutional right to a fair trial before a jury free from outside influences by the repeated introduction of victim impact evidence during the State's case-in chief."
 {¶ 9} In his first assignment of error, defendant alleges that the trial court improperly allowed the victim and her mother to testify about the long-range effects the crime had upon the victim. We disagree.
 {¶ 10} Defendant was charged with aggravated robbery. The offense of aggravated robbery is defined by R.C. 2911.01(A)(3), which provides that no person, in attempting or committing a theft offense, shall inflict, or attempt to inflict, serious physical harm on another. R.C.2901.01(A)(5)(a) provides that serious physical harm means "any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment."
 {¶ 11} Since serious physical harm is an essential element of the offense, the State was required to present evidence to establish that element. State v. Hambrick (Feb. 1, 2001), Cuyahoga App. No. 77686, citing State v. Eley (1978), 56 Ohio St.2d 169. Although the victim's physical injuries from her encounter with the defendant did not appear to be substantial, she testified that she has been diagnosed with post-traumatic stress and has been receiving treatment for her mental condition by a psychologist once a week as a result of the incident. Accordingly, the trial court did not err in allowing testimony regarding the overall change in the victim's demeanor since the incident.
 {¶ 12} Defendant's first assignment of error is overruled.
 {¶ 13} "II. Michael Ridgeway was denied his Federal and State Constitutional rights to a fair trial before an impartial jury by the introduction of improper other acts evidence in his trial."
 {¶ 14} In his second assignment of error, defendant argues that he was denied a fair trial because the trial court allowed the State to make reference to his criminal history. Specifically, defendant complains that the testimony of Det. Moran and Det. Colbert was so prejudicial as to warrant a new trial. We disagree.
 {¶ 15} Evid.R. 404(B) states:
 {¶ 16} "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 {¶ 17} In a criminal case where the defendant alleges that it was prejudicial error to allow the jury to hear certain testimony, the reviewing court must first determine if it was error to allow the jury to hear the testimony and, if so, whether such error was prejudicial or harmless. State v. Davis (1975), 44 Ohio App.2d 335.
 {¶ 18} First, we find no error in the admission of Det. Moran's testimony that defendant had a "minor infraction in Cleveland Heights, which was, had no bearing with my case."[1] Such testimony does not reveal an "other act" of defendant to show that he acted in conformity therewith. It merely shows how Det. Moran was able to take the defendant into custody so that a line-up could be arranged in the presence of the victim. Thus, there was no error in allowing the jury to hear this testimony.
 {¶ 19} Next, we find no error in the admission of Det. Colbert's testimony that defendant had been stopped and given a trespass warning by the CSU Police Department in 2001 because he was on campus harassing female students while intoxicated.[2] Defendant was charged with breaking and entering. Pursuant to R.C. 2911.13, the State was required to prove that defendant was "trespassing" on CSU property in order to support a conviction for breaking and entering. Trespass means "the defendant without privilege to do so, knowingly entered or remained on the land * * * the use of which was lawfully restricted to certain purposes, and defendant knew he was in violation of such restriction." Det. Colbert's testimony was not offered to show conformity with previous bad acts. Rather, it was offered to show that defendant had previously been warned and had knowledge that he was not allowed to be on CSU property. Accordingly, the evidence was properly admitted under Evid.R. 404(B) to establish knowledge.
 {¶ 20} Defendant's second assignment of error is overruled.
 {¶ 21} "III. Michael Ridgeway was denied his constitutional right to effective assistance of counsel by the trial court's failure to make objections or preserve the record, thereby depriving Mr. Ridgeway of appellate issues."
 {¶ 22} In his third assignment of error, defendant argues that his trial counsel was deficient in various respects and that he was denied his constitutional right to the effective assistance of counsel. We disagree.
 {¶ 23} In order for this Court to reverse a conviction on the grounds of ineffective assistance of counsel, we must find that (1) counsel's performance was deficient and (2) that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. Strickland v. Washington (1984), 466 U.S. 668, 687. Counsel's performance is deficient if it falls below an objective standard of reasonable representation. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. To establish prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Id. at paragraph three of the syllabus. Strategic or tactical decisions made by defense counsel which are well within the range of professionally reasonable judgment need not be analyzed by a reviewing court.Strickland, supra.
 {¶ 24} Defendant argues that his trial counsel performed deficiently by failing to object to (1) the victim and her mother's testimony about the long-range effects the crime had upon the victim and (2) Det. Moran and Det. Colbert's testimony about his prior criminal history. We disagree. In the previous assignments of error, this testimony was held to be admissible. Since the testimony was properly admitted, counsel's failure to object was not prejudicial. Thus, defendant was not rendered ineffective assistance of counsel. SeeBradley, supra.
 {¶ 25} Defendant's third assignment of error is overruled.
 {¶ 26} "IV. Michael Ridgeway has been deprived of his liberty without due process of law by the consecutive sentences imposed on him as said sentences do not comport with Ohio's sentencing structure."
 {¶ 27} In his final assignment of error, defendant challenges the trial court's imposition of consecutive terms of incarceration.
 {¶ 28} R.C. 2929.14(E)(4) states that a court may impose consecutive prison terms for convictions of multiple offenses upon the making of certain findings enumerated in the statute. Specifically, R.C.2929.14(E)(4) provides in pertinent part:
 {¶ 29} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 30} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 31} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 32} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 33} In relation to these sections, R.C. 2929.19(B)(2)(e) requires that the trial court state its "reasons" for imposing consecutive sentences and for imposing maximum sentences for offenses arising out of a single incident. State v. Nichols (Mar. 2, 2000), Cuyahoga App. Nos. 75605, and 75606; State v. Parker (Dec. 9, 1999), Cuyahoga App. Nos. 75117, and 75118; State v. Cardona (Dec. 16, 1999), Cuyahoga App. No. 75556. The record must confirm that the trial court's decision-making process included all of the statutorily required sentencing considerations. See Cardona, supra; Nichols, supra, citingState v. Edmonson (1999), 86 Ohio St.3d 324. The trial court need not use the exact words of the statute, however, it must be clear from the record that the trial court made the required findings. State v. Garrett (Sept. 2, 1999), Cuyahoga App. No. 74759.
 {¶ 34} The record adequately shows that the trial court complied with the dictates of R.C. 2929.14(E)(4) when imposing consecutive sentences. First, the trial court was required to find that "consecutive service is necessary to protect the public from future crime or to punish the offender." (Emphasis added). Here, the trial court noted defendant's extensive criminal record.[3] He also noted the victim's age and that she suffered serious emotional and physiological harm.[4] The trial court also specifically stated that "[a]nything less than a lengthy prison term would demean the seriousness of the offender's conduct, not adequately protect the public."[5] This is sufficient to comply with the statute.
 {¶ 35} Second, the court was required to find that" consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." (Emphasis added). Here, the trial court called the defendant a "predator", a "vulture" and a "danger to society."[6] The trial court also specifically stated that "the consecutive terms are because the harm caused here was great. It's unusual harm to put this woman * * * to give him a sentence for robbery, run everything else concurrent, would be not to punish him for the kidnaping that took place, and the intimidation that followed. The consecutive sentences are not disproportionate to the seriousness of his conduct and the danger to the public."[7] This is sufficient to comply with the second part of the statute as well.
 {¶ 36} Finally, the court was required to find any one of the subsections of R.C. 2929.14(E)(4) to be present. Here, the trial court noted that defendant had an extensive prior criminal record and repeatedly stated that the public needed to be protected from him. The court also stated that "[a]nything less than a lengthy prison term would demean the seriousness of the offender's conduct." Thus, the trial court adequately complied with R.C. 2929.14(E)(4)(b)(c).
 {¶ 37} Defendant's fourth assignment of error is overruled.
 {¶ 38} The judgment is affirmed.
Judgment affirmed.
Ann Dyke, P.J., and Sean C. Gallagher, J., concur.
[1] Tr. 423.
[2] Tr. 388-89.
[3] Tr. 654-56.
[4] Tr. 649.
[5] Tr. 656.
[6] Tr. 652.
[7] Tr. 660.