JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Dionne Harrington appeals her sentence. Finding no error in the proceedings below, we affirm.
 {¶ 2} The following facts give rise to this appeal. Harrington was charged in two separate cases. In the first case, she pled guilty to theft, telecommunications fraud, forgery, uttering, and seven counts of receiving stolen property. In the second case, she pled guilty to misuse of a credit card. All charges were fifth degree felonies except the theft charge, which was a fourth degree felony.
 {¶ 3} Harrington was sentenced to a total of five years in prison. In the first case, Harrington was sentenced to a total of four years by a combination of concurrent and consecutive sentences. She was sentenced to the maximum of 18 months in prison on the theft charge and the minimum on all remaining charges. In the second case, she was sentenced to the maximum of 12 months in prison and this sentence was run consecutive to her first case.
 {¶ 4} Harrington appeals this decision, advancing two assignments of error for our review.
 {¶ 5} "I. The trial court erred by imposing a prison term for the appellant, Dionne Harrington, because the record does not support the sentences and the sentences are contrary to law."
 {¶ 6} The law is well settled that we will not reverse a trial court on sentencing issues unless the defendant shows by clear and convincing evidence that the trial court has erred. State v. Douse, Cuyahoga App. No. 82008, 2003-Ohio-5238, citing R.C. 2953.08(G).
 {¶ 7} Harrington argues that the trial court did not properly apply the sentencing factors set forth in R.C. 2929.12 and R.C. 2929.13. Specifically, she argues that the trial court erroneously found that her conduct was part of organized criminal activity. In addition, she asserts the trial court failed to establish that the economic harm caused to the victims in this case was "serious." Finally, Harrington complains that the trial court did not take into consideration her remorse.
 {¶ 8} Before an offender convicted of a fourth or fifth degree felony may be sentenced to a prison term, R.C. 2929.13(B)(1) requires that certain factors, delineated in R.C. 2929.13(B)(1)(a)-(i), be considered. Then, R.C. 2929.13(B)(2)(a) requires that the court make one of the findings described in R.C. 2929.13(B)(1)(a)-(i) and, after considering the factors set forth in section 2929.12, find that a prison sentence is consistent with the purposes and principles of sentencing as set forth in R.C. 2929.11, as well as that the offender is not amenable to community control sanctions. If the trial court made the required findings under R.C. 2929.13(B)(2)(a), then the court would have no choice but to impose a prison term. State v. Chandler, Cuyahoga App. No. 81922, 2003-Ohio-3529.
 {¶ 9} In accordance with R.C. 2929.13(B)(1)(a)-(i), the trial court found that her offenses were part of organized criminal activity and that she had previously served a prison term. The court also noted that she was on community control supervision when she committed these crimes. Next, the court considered and found that one of the "more serious" factors applied pursuant to R.C. 2929.12(B), stating "that the victims here suffered economic harm as a result of these crimes." The court further found that none of the "less serious" factors were present under R.C. 2929.12(C). The court determined that Harrington was likely to commit future crimes because she committed these crimes while on community control supervision, she has a history of criminal convictions, and she has a history of violating probation. The court could not determine if she was remorseful and stated, "as you stand here today you indicated that you are remorseful. But only you know whether you are being honest about that." Finally, the trial court stated that "I don't think there is any doubt that you're not amenable to available community control sanctions," and, after considering the factors set forth in section 2929.12, that "a prison term must be imposed."
 {¶ 10} Harrington takes issue with the finding that she was part of organized criminal activity. "Organized criminal activity," one of the factors to be considered under R.C. 2929.13(B)(1)(a)-(i), is not defined in the statute and therefore must be determined on a case-by-case basis.State v. Henderson, Cuyahoga App. No. 80345 and 80346, citing State v.Shryock (Aug. 1, 1997), Hamilton App. No. C-961111.
 {¶ 11} The record reflects that this case involved at least twenty named victims and the loss of more than $60,000. Harrington obtained the victims' credit card numbers from someone and then bought numerous items with them. Her children's father was a codefendant. She has previous convictions for the same activity. The trial court noted that although she was not the subject of a RICO violation, her activities were well organized and involved several people and several criminal acts, which occurred over several months and involved numerous victims and a lot of harm. Like the actions of the defendant in State v. Henderson, supra, the actions of Harrington were not random in nature, but part of a greater organized scheme. We find that the trial court did not err when it found that the crimes committed by Harrington and her cohorts were part of organized criminal activity and, therefore, the trial court did not err in considering the organized nature of her criminal conduct. Pursuant to 2929.12(A) the trial court may consider any other factors that are relevant in achieving those purposes and principles of sentencing.
 {¶ 12} Next, Harrington argues that the trial court failed to find that the economic loss to the victims was serious. We have repeatedly recognized that a trial court need not use the exact words of the statute; however, it must be clear and discernable from the record that the trial court made the required findings. State v. Ridgeway, Cuyahoga App. No. 82713, 2004-Ohio-497; State v. Wynn (Dec. 2, 1999), Cuyahoga App. No. 75281. Nevertheless, the trial court is not required to make a finding that there was "serious economic harm"; the court is only required to consider the seriousness of the crime when deciding the sentence. It is clear from the record that the trial court considered the numerous victims and amount of money as significant factors, which dictated the type of sentence she should receive.
 {¶ 13} Last, Harrington argues that the trial court did not properly consider her remorse. With regard to her remorse, the trial court stated "only you know whether you are being honest about that." The trial court is in the best position to observe the demeanor of the offender and decide if she is truly remorseful. State v. Lugo (Sept. 18, 1998), Huron App. No. H-97-045; State v. Bickley (Mar. 31, 1998), Ottawa App. No. OT-97-041. We have carefully reviewed the record and find that there is clear and convincing evidence to support the trial court's ruling that the factors showing that Harrington is likely to commit more crimes outweigh the factors that show she is likely to be rehabilitated.
 {¶ 14} Harrington's first assignment of error is overruled.
 {¶ 15} "II. The trial court erred by imposing consecutive sentences for appellant Dionne Harrington because the sentences are contrary to law."
 {¶ 16} Harrington argues that the trial court's recitation of her criminal history does not suffice to establish the proportionality findings required by the Revised Code.
 {¶ 17} R.C. 2929.14(E)(4) provides that a trial court may impose consecutive sentences only when it concludes that the sentence is "(1) necessary to protect the public from future crime or to punish the offender; (2) not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) the court finds one of the following: (a) the crimes were committed while awaiting trial or sentencing, under sanction, or under post-release control; (b) the harm caused by multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of his offense; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime. State v. Stadmire, Cuyahoga App. No. 81188, 2003-Ohio-873.
 {¶ 18} In addition, R.C. 2929.19(B)(2) provides that "a court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances: * * * (c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences."
 {¶ 19} In this case, unlike State v. Youngblood (May 17, 2001), Cuyahoga App. No. 77997, cited by Harrington, the trial court's reasons were not a bare recitation of her criminal history. The trial court explained that Harrington continued to commit the same types of crimes even after being sent to prison and that the only thing likely to stop her is the fact that she will be in prison and will not have access to telephones. Plus, after being given a break by being put on probation, Harrington went on to a greater level of criminal activity than before, and it included more victims and more harm. Further, the court reasoned that there may be other victims out there that are unaware that their identities have been stolen by Harrington. Therefore, the trial court concluded that consecutive sentences are not disproportionate to the seriousness of her conduct and also not disproportionate to the danger posed to the community.
 {¶ 20} Here, the trial court stated sufficient reasons to establish the proportionality finding under R.C. 2929.14(E)(4).
 {¶ 21} Harrington's second assignment of error is overruled. Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Rocco, J., Concur.