JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Roderick Stewart ("Stewart"), appeals his conviction and sentence. Finding no merit to the appeal, we affirm his conviction and sentence.
 {¶ 2} In 2004, Stewart was charged with burglary and obstructing official business. In March 2005, the matter proceeded to a bench trial, at which Stewart was tried with his brothers, Roydell and Robert Stewart. See State v. RoydellStewart, Cuyahoga App. No. 86396; State v. Robert Stewart,
Cuyahoga App. No. 86397. Stewart was convicted of both charges. On April 15, 2005, the court sentenced him to fifty days for obstructing official business, to run concurrent with a six-month sentence for burglary.
 {¶ 3} The following facts were presented at trial. The victim, Vancetta Sparks ("Sparks"), lived in an apartment on Union Avenue in Cleveland. She was in her fifties and suffered from schizophrenia and depression. Sparks met eighteen-year-old Stewart and his brothers at a party she had at her apartment in December 2003.
 {¶ 4} Sparks lived alone, but after the December party, her apartment was constantly filled with young men. Stewart, his brothers, and their friends would come to Sparks's house every day. The young men would "commandeer" her apartment, play video games on her television, use her phone, prepare crack cocaine for sale, and gamble. They would also damage items in her home and extinguish their cigarettes on the floor. When the young men came to her house, she would tell them to leave. They refused and called her apartment a "crack house." She occasionally called the police, but the men would leave before the police arrived. Sparks identified Stewart as the person who had destroyed several items in her home.
 {¶ 5} On April 4, 2004, Sparks awoke to find fifteen young men in her apartment. When she went to sleep the previous evening, only one person had permission to spend the night. Sparks again told everyone to leave. Stewart told her that the group was not going anywhere because her apartment was a crack house. Sparks called the police from her basement.
 {¶ 6} Stewart was sitting on Sparks's front porch when the police arrived. The police issued him a warning and allowed him to leave. He later returned to the scene as his brothers were being arrested, along with some of the other young men who had been in Sparks's apartment. Stewart aggressively approached the officers. Officer Stockwell of the Cleveland Police Department repeatedly advised him to leave the scene, but Stewart refused. Stewart swore at the officers and continued acting aggressively. Fearing that Stewart would attempt to help one of his brothers escape or harm the officers, Officer Stockwell arrested Stewart.
 {¶ 7} Stewart appeals his conviction and sentence, raising six assignments of error. We note preliminarily that Stewart has completed his sentence and has been released from prison. The record is devoid of any request to stay execution of his sentence pending appeal. Therefore, we consider whether we have jurisdiction to consider his appeal.
 {¶ 8} "Where a criminal defendant, convicted of a misdemeanor, voluntarily satisfies the judgment imposed upon him or her for that offense, an appeal from the conviction is moot unless the defendant has offered evidence from which an inference can be drawn that he or she will suffer some collateral legal disability or loss of civil rights stemming from that conviction." State v. Golston, 71 Ohio St.3d 224, 227, 1994-Ohio-109, 643 N.E.2d 109. Stewart was sentenced to fifty days for obstructing official business, which is a misdemeanor. Although imprisonment may seem an obvious loss of civil rights, the burden is on Stewart to offer evidence of such a loss. Stewart failed to do so; therefore, we could find that the appeal of his misdemeanor conviction is moot. His felony conviction for burglary, however, requires a different analysis.
 {¶ 9} In general, an appeal from a felony conviction is not moot even if the entire sentence has been served before the appeal is decided because of the "obvious civil disabilities that occur once the offender is labeled a `felon.'" Golston, supra. A convicted felon may not serve as a juror, may never hold an office of "honor, trust, or profit," may not engage in certain occupations, and may not obtain or hold certain licenses. Id. Given the numerous adverse collateral consequences imposed upon convicted felons, a person convicted of a felony has a substantial stake in the judgment of conviction which survives the satisfaction of the judgment imposed. Id. Therefore, we find that an appeal challenging a felony conviction is not moot even if the entire sentence has been satisfied before the matter is heard on appeal. State v. Adams, Cuyahoga App. No. 84180,2004-Ohio-6630. Stewart was convicted of both felony and misdemeanor charges within the same indictment; thus, we will address the issues presented for both crimes.
 Sufficiency and Weight of the Evidence {¶ 10} In his first assignment of error, Stewart argues that his conviction was not supported by sufficient evidence and was against the manifest weight of the evidence. A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the State has met its burden of production at trial. State v. Thompkins, 78 Ohio St.3d 380,390, 1997-Ohio-52, 678 N.E.2d 541. On review for sufficiency, courts are to assess not whether the State's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. Id. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
 {¶ 11} In evaluating a challenge to the verdict based on manifest weight of the evidence, a court sits as the thirteenth juror, and intrudes its judgment into proceedings that it finds to be fatally flawed through misrepresentation or misapplication of the evidence by a jury that has "lost its way." Thompkins,
supra at 387. As the Ohio Supreme Court declared:
"Weight of the evidence concerns `the inclination of thegreater amount of credible evidence offered in a trial, tosupport one side of the issue rather than the other. It indicatesclearly to the jury that the party having the burden of proofwill be entitled to their verdict, if, on weighing the evidencein their minds, they shall find the greater amount of credibleevidence sustains the issue which is to be established beforethem. Weight is not a question of mathematics, but depends on itseffect in inducing belief.' * * *
 The court, reviewing the entire record, weighs the evidenceand all reasonable inferences, considers the credibility ofwitnesses and determines whether in resolving conflicts in theevidence, the jury clearly lost its way and created such amanifest miscarriage of justice that the conviction must bereversed and a new trial ordered. The discretionary power togrant a new trial should be exercised only in the exceptionalcase in which the evidence weighs heavily against theconviction." Id.
 {¶ 12} The court must be mindful that the weight of the evidence and the credibility of witnesses are matters primarily for the trier of fact. State v. Bruno, Cuyahoga App. No. 84883,2005-Ohio-1862. A reviewing court will not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the prosecution proved the offense beyond a reasonable doubt. State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus; Statev. Eley (1978), 56 Ohio St.2d 169, 383 N.E.2d 132. Moreover, in reviewing a claim that a conviction is against the manifest weight of the evidence, the conviction cannot be reversed unless it is obvious that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v.Garrow (1995), 103 Ohio App.3d 368, 370-371, 659 N.E.2d 814.
 {¶ 13} Stewart was charged with burglary, pursuant to R.C.2911.12(A)(4), which provides that "no person, by force, stealth, or deception, * * * shall trespass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present."
 {¶ 14} Stewart argues that he did not commit burglary because he did not have the intent to commit a crime, was invited into Sparks's apartment, and was sitting on the front porch when the police arrived.
 {¶ 15} We find Stewart's argument that he did not possess the requisite intent to commit burglary inapposite. Stewart was convicted of violating R.C. 2911.12(A)(4), which does not require the specific intent to commit a crime, but merely requires trespass into another's habitation when another is present or likely to be present.
 {¶ 16} A "criminal trespass" is defined by R.C. 2911.21, which provides in pertinent part:
"(A) No person, without privilege to do so, shall * * *:
 (1) [k]nowingly enter or remain on the land or premises ofanother; * * *."
 {¶ 17} In State v. Powell (1991), 59 Ohio St.3d 62, 63,571 N.E.2d 125, the Ohio Supreme Court found the language of the criminal trespass statute to be dispositive. The crime of aggravated burglary, the court held, continues so long as the defendant remains in the structure being burglarized because the trespass of the defendant has not been completed until his departure. Id.; see also, State v. Davis, Cuyahoga App. No. 83033, 2004-Ohio-1908. The court's reasoning extends to the lesser crime of burglary because burglary also requires a criminal trespass. A person who initially has consent to enter another's home may subsequently become a trespasser if consent is withdrawn. State v. Holloway (1988), 38 Ohio St.3d 239,527 N.E.2d 831.
 {¶ 18} We find that there was sufficient evidence of a trespass in this case. The trial judge, as the trier of fact, is able to justifiably infer from the facts that Sparks terminated any privilege Stewart may have had to be in the apartment when she told him to leave. See State v. Clark (1991),74 Ohio App.3d 151, 161, 598 N.E.2d 740. His continued presence in the house is sufficient to show that he trespassed by force or stealth. This finding is supported by the evidence that Sparks was afraid of Stewart and his brothers and awoke to find Stewart in her home.
 {¶ 19} Sparks testified that no one had permission to be in her apartment, except for her overnight guest. Even assuming, arguendo, that someone with authority to do so invited Stewart into her apartment, Sparks testified that she asked him to leave and he refused. Additionally, the fact that Stewart was no longer in the house when the police arrived is irrelevant because Sparks saw Stewart in her apartment when she awoke, and he refused to leave. We find that any permission Stewart may have had to be in the apartment was negated the moment Sparks told him to leave.
 {¶ 20} Stewart was also convicted of obstructing official business, pursuant to R.C. 2921.31, which states in pertinent part:
"No person, without privilege to do so and with purpose toprevent, obstruct, or delay the performance by a public officialof any authorized act within the public official's officialcapacity, shall do any act that hampers or impedes a publicofficial in the performance of the public official's lawfulduties."[1]
 {¶ 21} Officer Stockwell testified that Stewart approached him in an aggressive manner, swore at him, and would not leave despite numerous warnings. He further testified that the scene was chaotic and Stewart's actions thwarted police efforts to subdue the crowd.
 {¶ 22} Viewing the evidence in the light most favorable to the prosecution, we conclude that the court's findings were supported by sufficient evidence. We also find that the conviction was not contrary to the manifest weight of the evidence. Therefore, the first assignment of error is overruled.
 Effective Assistance of Counsel {¶ 23} In his second assignment of error, Stewart argues that he was denied his right to the effective assistance of counsel.
 {¶ 24} To reverse a conviction for ineffective assistance of counsel, the defendant must prove "(1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding." Strickland v. Washington (1984), 466 U.S. 668,687-688, 80 L. Ed.2d 674, 104 S. Ct. 2052. A defendant's failure to satisfy one prong of the Strickland test negates a court's need to consider the other. Id. at 697.
 {¶ 25} In evaluating whether a petitioner has been denied effective assistance of counsel, the Ohio Supreme Court held that the test is "whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done." State v.Hester (1976), 45 Ohio St.2d 71, 341 N.E.2d 304, paragraph four of the syllabus. When making that evaluation, a court must determine "whether there has been a substantial violation of any of defense counsel's essential duties to his client" and "whether the defense was prejudiced by counsel's ineffectiveness." Statev. Lytle (1976), 48 Ohio St.2d 391, 358 N.E.2d 623, vacated on other grounds, Lytle v. Ohio (1978), 438 U.S. 910,57 L.Ed.2d 1154, 98 S.Ct. 3134; State v. Calhoun, 86 Ohio St.3d 279, 289, 1999-Ohio-102, 714 N.E.2d 905.
 {¶ 26} As to the second element of the test, the defendant must establish "that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus;Strickland, supra, at 686.
 {¶ 27} Stewart maintains that his counsel was ineffective for failing to cross-examine Sparks about the drug activity in her apartment, any agreement she made in exchange for her testimony, and her failure to appear when previously subpoenaed.
 {¶ 28} The scope of cross-examination clearly falls within trial strategy, and debatable trial tactics do not establish ineffective assistance of counsel. State v. Campbell,90 Ohio St.3d 320, 339, 2000-Ohio-183, 738 N.E.2d 1178; State v. Otte,74 Ohio St.3d 555, 565, 1996-Ohio-108, 660 N.E.2d 711. Stewart fails to support his assertions with any legal argument. We also find nothing in the record that would support his argument. The court was aware through Sparks's testimony that she used drugs and that her apartment was used to prepare drugs for sale. There is no evidence that Sparks made any agreement in exchange for her testimony or that she was under indictment for any crime.
 {¶ 29} Stewart also argues that his counsel was ineffective for failing to raise his right to a speedy trial, object to the officer's hearsay testimony, file a motion to suppress, or ask for a lesser included offense.
 {¶ 30} Regarding the officer's alleged hearsay statements, we find no statement so prejudicial that it deprived Stewart of a fair trial. In a bench trial, the trial judge acts as the trier-of-fact, and a reviewing court will presume that the trial court acted impartially and considered only properly admitted evidence. Columbus v. Guthmann (1963), 175 Ohio St. 282,194 N.E.2d 143, paragraph three of the syllabus; see, also, State v.Post (1987), 32 Ohio St.3d 380, 384, 513 N.E.2d 754, quotingState v. White (1968), 15 Ohio St.2d 146, 151, 239 N.E.2d 65.
 {¶ 31} Stewart argues that his attorney was ineffective because he did not address the issue of speedy trial violations; however, Stewart does not allege any speedy trial violation occurred.[2] Stewart fails to demonstrate that his speedy trial rights were actually violated. He also does not support his argument with any legal authority as required by App.R. 16(A)(7). "If an argument exists that can support this assignment of error, it is not this court's duty to root it out." Cardone v. Cardone
(May 6, 1998), Summit App. Nos. 18349 and 18673; see, also, App.R. 12(A)(2). Stewart has failed to support or demonstrate that his speedy trial rights were violated, and it is not within this court's purview to make his arguments for him.
 {¶ 32} Regarding the filing of a motion to suppress, counsel had no duty under Strickland to file any motion that would have been unsuccessful; therefore, Stewart cannot satisfy the first prong of Strickland by showing that his lawyer's performance was deficient. Moreover, Stewart does not specify in his brief, nor does the record reflect, what evidence was subject to suppression.[3] Stewart's second assignment of error is overruled.
 Sentencing Issues {¶ 33} Stewart's third, fourth, and fifth assignments of error involve sentencing. Under the facts of this case, Stewart's conviction for burglary is a fourth degree felony. See R.C.2909.05(E). If prison is not inconsistent with the purposes and principles of R.C. Chapter 2929, a definite term of six to eighteen months is required for a fourth degree felony under R.C.2929.14(A)(4). Stewart received a six-month sentence.
 {¶ 34} The overriding purpose of felony sentencing is to protect the public from future crime by the offender and others and to punish the offender. Toward that end, R.C. 2929.11(A) provides:
"To achieve those purposes, the sentencing court shallconsider the need for incapacitating the offender, deterring theoffender and others from future crime, rehabilitating theoffender, and making restitution to the victim of the offense,the public, or both."
 {¶ 35} In his third assignment of error, Stewart contends that the trial court erred in imposing a term of incarceration for the offenses charged. In particular, he argues that he should have been sentenced to community control sanctions rather than a term of imprisonment based on his age and the fact that he had not served a prior prison term. The court, in addressing Stewart, stated at the sentencing:
"I have considered the purposes and principles of sentencing,our sentencing laws as for its purpose to punish the offender andprotect the public from future crime by you and other people.
 I have considered the factors for sentencing that areprescribed by the law, and frankly, I find that a communitycontrol sanction would not be sufficient in your case here tocomply with the purposes and the principles of our sentencinglaws."
 {¶ 36} The court also considered that Stewart terrorized Sparks, overtook her house, and was disrespectful to the police.
 {¶ 37} The criteria to be considered in sentencing an individual for a felony of the fourth degree are set forth in R.C. 2929.13(B). Even if a trial court does not make a finding under R.C. 2929.13(B)(1), the court has the authority to impose a prison sentence if it considers the seriousness and recidivism factors contained in R.C. 2929.12, and concludes that a prison sentence, rather than a community control sanction, is consistent with the purposes of felony sentencing. State v. Jones (Nov. 4, 1999), Franklin App. No. 99AP-72; State v. Fincher (Oct. 14, 1997), Franklin App. No. 97APA03-352.
 {¶ 38} A trial court need not use the exact words of the statute; however, it must be discernable from the record that the trial court made the required findings. State v. Ridgeway,
Cuyahoga App. No. 82713, 2004-Ohio-497; State v. Wynn (Dec. 2, 1999), Cuyahoga App. No. 75281. The trial court is not required to explain its findings when deciding whether to impose a prison sentence or community control upon an offender who commits a fourth or fifth degree felony. See State v. Edmonson (1999),86 Ohio St.3d 324, 326, 715 N.E.2d 131. The record must indicate, however, that the trial court made all requisite findings when determining whether to impose a prison sentence or community control sanction upon an offender who commits a fourth or fifth degree felony. Id.
 {¶ 39} If the trial court concludes that a community control sanction is not consistent with the overriding purposes and principles of felony sentencing set forth in R.C. 2929.11, the trial court retains its broad discretion to impose a prison sentence. R.C. 2929.13(A).
 {¶ 40} Here, the trial court failed to find that any of the factors enumerated in R.C. 2929.13(B)(1)(a) through (h) were applicable. Thus, pursuant to R.C. 2929.13(B)(2)(a), the trial court was not required to sentence Stewart to prison. But the court found that community control sanctions were not appropriate. Therefore, the court was not required to sentence appellant to a community control sanction. R.C. 2929.13(B)(2)(b). Simply put, even though the trial court was not obligated to impose a particular sentence, the court was not precluded from sentencing Stewart to a term of imprisonment as long as the sentence was in compliance with the general sentencing guidelines. See State v. Arroyo (Sept. 28, 2000), Cuyahoga App. No. 77672.
 {¶ 41} We conclude the record is sufficient under R.C.2929.13(B)(2) to sustain the trial court's decision to sentence Stewart to prison. Although the requisite findings under R.C.2929.13(B)(1)(a) through (h) were inapplicable to this case, the trial court explained its reasons for sentencing defendant to a prison term by considering the appropriate factors in R.C.2929.12 before finding that community control would not be sufficient to comply with the purposes and principles of sentencing under R.C. 2929.11. See Arroyo, supra.
 {¶ 42} Accordingly, we find that the court did not err in imposing a prison sentence and, therefore, overrule his third assignment of error.
 {¶ 43} In his fourth assignment of error, Stewart argues that the trial court improperly considered matters outside the record in imposing sentence, as determined by Blakely v. Washington,
(2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403. InBlakely, the United States Supreme Court held that the "statutory maximum" for sentencing purposes is the maximum sentence that a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.124 S.Ct. at 2537.
 {¶ 44} Again, the content of Stewart's argument does not address the assignment of error. App. R. 12(A)(2) provides:
"The court may disregard an assignment of error presented forreview if the party raising it fails to identify in the recordthe error on which the assignment of error is based or fails toargue the assignment separately in the brief, as required byApp.R. 16(A)."
 {¶ 45} Stewart has failed to cite any relevant legal authority to support his argument. He merely claims that his assignment of error is pursuant to Blakely, but he has not provided any argument as to its application to the case sub judice. This court will not make Stewart's argument for him. Because Stewart has failed to make an argument relevant to the fourth assignment of error or cite any relevant legal authority, we will not address the fourth assignment of error. Therefore, the assignment of error is overruled.
 Post-Release Control {¶ 46} In his fifth assignment of error, Stewart argues that the trial court erred in failing to inform him of post-release control. We agree; however, we find that the error is moot because Stewart was not placed on post-release control after his release from prison.
 {¶ 47} A reviewing court will not reverse a sentence unless that court finds, by clear and convincing evidence, that the sentence is unsupported by the record or is contrary to law. See R.C. 2953.08(G).
 {¶ 48} First, because of the recent number of cases that have been remanded solely on the basis of the failure to inform the defendant of post-release control, we feel that it is important to note what appears to be a disturbing trend that, if left unchecked, will continue to clog already overburdened dockets. The Ohio Supreme Court has made it abundantly clear that when a defendant is not notified of post-release control at the sentencing, the sentence is vacated and the case remanded for resentencing. "When a trial court fails to notify an offender about post-release control at the sentencing hearing but incorporates that notice into its journal entry imposing sentence, it fails to comply with the mandatory provisions of R.C. 2929.19(B)(3)(c) and (d), and, therefore, the sentence must be vacated and the matter remanded to the trial court for resentencing." State v. Jordan, 104 Ohio St.3d 21, 28,2004-Ohio-6085, 817 N.E.2d 864.
 {¶ 49} The transcript of the sentencing hearing demonstrates the trial court failed to inform Stewart that he was subject to post-release control. Although the journal entry reflected that he was subject to post-release control, the defendant must personally be advised of post-release control. "At sentencing" means at the sentencing hearing, rather than in the sentencing entry. State v. Bryant, Cuyahoga App. No. 79841, 2002-Ohio-2136.
 {¶ 50} However, based on the facts of this case, we find the issue is moot. When Stewart was released from prison, he was not placed on post-release control. Therefore, the fifth assignment of error is overruled.
 Jury Waiver {¶ 51} In his sixth assignment of error, Stewart argues that the trial court erred in accepting his jury waiver because there was no meaningful discussion as to the rights he was waiving.
 {¶ 52} Stewart argues that the plea in his drug possession case, Case No. CR-455914, was deficient. Although the plea and sentence in CR-455914 occurred on the same day as the sentencing in the instant case, Stewart indicated that he was only appealing his burglary and obstructing official business convictions. The notice of appeal must specify the judgment being appealed. App.R. 3(D). Stewart failed to specify that he was appealing his plea in Case No. CR-455914; therefore, we lack jurisdiction to consider any assignment of error regarding CR-455914. The final assignment of error is therefore overruled.
 {¶ 53} Accordingly, the conviction and sentence are affirmed.
It is ordered that appellant and appellee divide the costs herein taxed.
It is ordered that a special mandate issue from this court to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J. concurs; Dyke, A.J. concurs in judgment only.
[1] Stewart was also charged with a specification alleging that he created a risk of physical harm to the officers on scene. The trial court dismissed the specification at the close of the State's case.
[2] By failing to raise a speedy trial claim except as part of a claim of ineffective assistance of counsel, Stewart has waived all but plain error. Cf. State v. Moreland (1990),50 Ohio St.3d 58, 62, 552 N.E.2d 894; Partsch v. Haskins (1963),175 Ohio St. 139, 191 N.E.2d 922.
[3] We are puzzled by Stewart's additional assertion that his counsel was ineffective for failing to fail a motion to compel discovery. The record clearly indicates that the State responded to discovery prior to trial.