JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Michael Fitch ("Fitch"), appeals his sentence. Finding merit to the appeal, we vacate his sentence and remand for resentencing.
 {¶ 2} In 2001, Fitch was convicted of felonious assault and sentenced to seven years in prison. In the sentencing journal entry, post-release control was ordered. This court in State v.Fitch, Cuyahoga App. No. 79937, 2002-Ohio-4891 (Fitch I), affirmed his conviction, but ordered the trial court to modify the sentencing journal entry to reflect that post-release control was not part of his sentence because the trial court failed to inform Fitch at sentencing that post-release control would be part of his sentence.
 {¶ 3} The Ohio Supreme Court reversed this court's decision regarding the sentencing modification order pursuant to State v.Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085 and remanded the matter to the trial court for resentencing. State v. Fitch,104 Ohio St.3d 156, 2004-Ohio-6398 (Fitch II).
 {¶ 4} On remand, the trial court, without conducting a new sentencing hearing, issued a judgment entry vacating the imposed term of post-release control. Fitch appeals his sentence, raising two assignments of error.
 {¶ 5} In his first assignment of error, he argues that the trial court erred in failing to conduct a new sentencing hearing, de novo. We agree.
 {¶ 6} In Fitch II, the Ohio Supreme Court ordered a new sentencing hearing pursuant to Jordan, supra. Instead, the trial court simply issued a judgment entry implementing the modification which we ordered in Fitch I. We recently stated inState v. Stewart, Cuyahoga App. No. 86411, 2006-Ohio-813, ___, 48:
"The Ohio Supreme Court has made it abundantly clear that when a defendant is not notified of post-release control at the sentencing, the sentence is vacated and the case remanded for resentencing. `When a trial court fails to notify an offender about post-release control at the sentencing hearing but incorporates that notice into its journal entry imposing sentence, it fails to comply with the mandatory provisions of R.C. 2929.19(B)(3)(c) and (d), and, therefore, the sentence must be vacated and the matter remanded to the trial court for resentencing.' State v. Jordan, 104 Ohio St.3d 21, 28,2004-Ohio-6085, 817 N.E.2d 864."
 {¶ 7} The trial court failed to follow the Ohio Supreme Court's directive in Fitch II by merely issuing a judgment entry, without conducting a new hearing. The State concedes that the trial court erred in not following Fitch II and Jordan.
Therefore, we vacate Fitch's sentence and remand the matter, once again, for a new sentencing hearing.
 {¶ 8} Fitch's second assignment of error, which also involves sentencing, is rendered moot. Accordingly, the first assignment of error is sustained, and the second assigned error is moot.
Sentence vacated and case remanded for resentencing.
It is, therefore, ordered that said appellant recover of said appellee the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J. and Blackmon, J. Concur.