OPINION
{¶ 1} Defendant, Shaun M. Jones, was convicted on his guilty pleas of breaking and entering, R.C. 2911.13(A), and theft, R.C. 2913.02(A)(1). The trial court imposed two six month terms of incarceration, to be served consecutively. Defendant filed a timely notice of appeal. *Page 2 
 FIRST ASSIGNMENT OF ERROR
 {¶ 2} "THE TRIAL COURT ERRED IN IMPOSING A CONSECUTIVE SENTENCE UPON APPELLANT OF TWELVE (12) MONTHS IN PRISON FOR TWO FIFTH DEGREE FELONIES WHICH IS AN EXCESSIVE PUNISHMENT BASED ON THE EVIDENCE PRESENTED IN THIS CASE."
 {¶ 3} The six month sentences the court imposed are the minimum terms within the range of prison sentences available for the two fifth degree felony offenses of which Defendant was convicted. R.C. 2929.14(A)(5). Therefore, they are not contrary to law, and may be reversed only on our finding that the court abused its discretion in imposing the sentences.State v. Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912. The term abuse of discretion connotes an attitude that is unreasonable, arbitrary, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151.
 {¶ 4} Defendant argues that, the State having recommended community control sanctions in exchange for his guilty pleas, Defendant expected the court to impose community control sanctions, which he points out is the presumed minimum punishment for fifth degree felony offenses. Defendant argues that the court abused its discretion when it instead imposed consecutive prison terms. Defendant points out that the victim of his offenses was not at home when Defendant entered *Page 3 
the victim's residence, that no one else was there, and that all of the stolen property was recovered there. Defendant argues that his consecutive sentences are therefore disproportionate to his conduct, and an abuse of discretion.
 {¶ 5} R.C. 2929.11 and 2929.12 establish the purposes of felony sentencing and seriousness and recidivism factors that the court must consider when imposing a sentence for a felony offense. FollowingState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the court need no longer make particular findings in support of greater-than-minimum or consecutive sentences, but the statutory matters that pertain to the defendant and the offense nevertheless guide the court's exercise of its own discretion when imposing a sentence. State v. Mathis,109 Ohio St.2d 54, 2006-Ohio-855.
 {¶ 6} The trial court stated that it had considered the presentence investigation report, the purposes and principles of felony sentencing in R.C. 2929.11, statements made by Defendant and his attorney, and balanced the seriousness and recidivism factors in R.C. 2929.12. The court considered that Defendant previously served a prison term. R.C. 2929.13(B)(1)(g). The court concluded that Defendant is not amenable to community control. Those matters rendered Defendant ineligible for community control, *Page 4 
R.C. 2929.13(B)(2)(a), requiring the court to impose a prison term for each of the two offenses.
 {¶ 7} R.C. 2929.14(A) permits the court to impose consecutive sentences if the requirements of R.C. 2929.14(E) are satisfied. Division (4)(c) of that section authorizes the court to impose consecutive sentences if the court finds that consecutive sentences are necessary to punish the offender, are not disproportionate to his conduct, and that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 {¶ 8} As we pointed out above, State v. Foster relieved the court of the statutory duty to make and state the statutory findings on which the court imposes consecutive sentences. Foster followed the rules announced in Apprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348,147 L.Ed.2d 435, and Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403, which held that, per the Sixth Amendment, factual findings may not be made by the court absent a foundational finding of the jury or a defendant's admission. More recently in Oregon v. Ice
(2009), ___U.S.___, 129 S.Ct. 711, ___L.Ed.2d___, the Supreme Court held that the Sixth Amendment does not inhibit states from *Page 5 
assigning to judges, rather than to juries, the finding of facts necessary to the imposition of consecutive, rather than concurrent, sentences for multiple offenses, and therefore that theApprendi/Blakely limitation does not apply to a consecutive sentence order. The question after Ice is whether the court abused its discretion when it imposed consecutive sentence.
 {¶ 9} Defendant, by force, stealth, or deception, trespassed in an unoccupied structure, a private residence, with the purpose to commit a theft offense, R.C. 2911.13(A), that being to knowingly deprive the owner of property inside, without his consent. R.C. 2913.02(A)(1). The court was required to impose prison terms, and it imposed the minimum terms available to it, probably because Defendant had acknowledged his guilt. The fact that Defendant's efforts were unsuccessful reflects more on his lack of talent as a thief than it does on his criminal culpability. On this record, and in view of his prior criminal conviction and prison sentence, we cannot find that the court abused its discretion when it imposed consecutive terms.
 {¶ 10} The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 11} "APPELLANT'S CONVICTION AND SENTENCING IS AGAINST *Page 6 
THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 12} Defendant repeats his contentions concerning the lack of any physical injury suffered by the victim and recovery of the stolen property.
 {¶ 13} Defendant entered guilty pleas, which are a complete admission of guilt. Crim. R. 11(B)(1). Being thus conclusive of guilt, a plea of guilty is itself a conviction. State v. Baker, 119 Ohio St.3d 197,2008-Ohio-3330, at ¶ 15. As a result, and as we have held, a guilty plea waives the defendant's right to attack his conviction on appeal.Huber Heights v. Duty (1985), 2 Ohio App.3d 244.
 {¶ 14} "Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered at trial, to support one side of the issue rather than the other.'" State v. Tompkins (1977),78 Ohio St.3d 380, 386 (citation omitted). That issue is the defendant's guilt on which his conviction is based, or his innocence, and is determined by the trier of fact.
 {¶ 15} Sentence is imposed by the court upon and after a conviction. A sentence is not subject to attack in relation to the weight of the evidence presented at trial, but only on an abuse of discretion standard if it is not contrary to law. State v. Kalish. Defendant's contentions properly go to the *Page 7 
abuse of discretion claim that we rejected in overruling his first assignment of error.
 {¶ 16} The assignment of error is overruled. The judgment of the trial court will be affirmed.
 DONOVAN, P.J. And WOLFF, J., concur. *Page 1