JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Jerome Reed ("Reed"), appeals several convictions and his prison sentence of seven and one-half years. Finding no merit to the appeal, we affirm.
 {¶ 2} Between July 2006 and December 2006, Reed was indicted in four separate cases.[1] The indictments included five counts of theft, four counts of receiving stolen property, four counts of misuse of credit cards, two counts of forgery, two counts of burglary, attempted burglary, breaking and entering, and passing bad checks.
 {¶ 3} In March 2007, Reed entered into a plea agreement on all four cases. In total, he pled guilty to four counts of theft, four counts of receiving stolen property, two counts of burglary, attempted burglary, and forgery.
 {¶ 4} In April 2007, the trial court sentenced Reed on these cases as well as Case No. CR-459410, involving a probation violation. The trial court imposed a total sentence of seven and one-half years in prison.
 {¶ 5} Reed now appeals, raising three assignments of error for our review.
 Consecutive Sentences *Page 4 {¶ 6} In the first assignment of error, Reed alleges that the trial court erred in imposing consecutive, rather than concurrent, sentences. He claims that Crim. R. 13 requires that his plea package be treated as one indictment and sentence.
 {¶ 7} First, we note that Reed did not include Case No. CR-459410 in his notice of appeal. It is axiomatic that the notice of appeal must specify the judgment being appealed. See App. R. 3(D); State v.Pond, Cuyahoga App. No. 91061, 2009-Ohio-849, ¶ 4. Therefore, we lack jurisdiction to consider any assignment of error regarding Case No. CR-459410. See State v. Stewart, Cuyahoga App. No. 86411, 2006-Ohio-813, ¶ 52;Parks v. Baltimore Ohio RR. (1991), 77 Ohio App.3d 426, 427,602 N.E.2d 674 (holding that a court of appeals lacks jurisdiction to review a judgment or order that is not designated in the notice of appeal).
 {¶ 8} Accordingly, we consider Reed's sentences on the cases that he properly appealed. These include three consecutive two-year sentences.
 {¶ 9} We review felony sentences as the Ohio Supreme Court declared inState v. Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912. The Kalish court, in a split decision, declared that in applying State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, to the existing statutes, appellate courts "must apply a two-step approach." Kalish at ¶ 4.[2]
 {¶ 10} Appellate courts must first "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether *Page 5 
the sentence is clearly and convincingly contrary to law." Id. at ¶ 4, 14, 18. If this first prong is satisfied, then we review the trial court's decision under an abuse-of-discretion standard. Id. at ¶ 4, 19.
 {¶ 11} In the first step of our analysis, we review whether the sentence is contrary to law as Reed maintains.
 {¶ 12} Crim. R. 13 is inapplicable to the instant case. The rule deals solely with the court's ordering two or more indictments to be tried together. Reed pled guilty and waived his right to a trial in the instant case. He never objected to the court's consolidating his four criminal cases for purposes of his plea. Therefore, his argument that Crim. R. 13 required the trial court to impose concurrent sentences is without merit.
 {¶ 13} As the Kalish court noted, post-Foster, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings and give reasons for imposing maximum, consecutive or more than the minimum sentence." Id. at ¶ 11;Foster, paragraph seven of the syllabus; State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, paragraph three of the syllabus. See, also, State v. Redding, Cuyahoga App. No. 90864, 2008-Ohio-5739;State v. Ali, Cuyahoga App. No. 90301, 2008-Ohio-4449; State v.McCarroll, Cuyahoga App. No. 89280, 2007-Ohio-6322; State v. Sharp, Cuyahoga App. No. 89295, 2007-Ohio-6324. The Kalish court declared that although Foster eliminated *Page 6 
mandatory judicial fact-finding, it left R.C. 2929.11 and 2929.12
intact. Kalish at ¶ 13. As a result, the trial court must still consider these statutes when imposing a sentence. Id., citing Mathis at ¶ 38.
 {¶ 14} R.C. 2929.11 (A) provides that:
 {¶ 15} "[A] court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing[,] *** to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."
 {¶ 16} R.C. 2929.12 provides a nonexhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.
 {¶ 17} The Kalish court also noted that R.C. 2929.11 and 2929.12 are not fact-finding statutes like R.C. 2929.14.[3] Kalish at ¶ 17. Rather, they "serve as an overarching guide for trial judges to consider in fashioning an appropriate sentence." Id. Thus, "[i]n considering these statutes in light of Foster, the trial court has full *Page 7 
discretion to determine whether the sentence satisfies the overriding purposes of Ohio's sentencing structure." Id.
 {¶ 18} In the instant case, the trial court expressly stated that it considered the purposes of R.C. 2929.11 and 2929.12, and all factors required by law. Furthermore, Reed's sentences are within the permissible statutory ranges. Thus, we find that his sentences are not contrary to law.
 {¶ 19} Having satisfied step one, we next consider whether the trial court abused its discretion. Kalish, at ¶ 4, 19. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Id. at ¶ 19, citing Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d.
 {¶ 20} A review of the record reveals that the trial court did not abuse its discretion. The trial court considered the statutory factors under R.C. 2929.11 and 2929.12. It consulted several sources to assist in sentencing. These included a presentence investigation report, a court psychiatric report, and testimony from Reed and his brother.
 {¶ 21} The trial court then outlined Reed's extensive criminal record and noted that Reed had violated his parole in another case. The court found that Reed was likely to reoffend based upon the repeating pattern of his crimes. The court indicated that Reed could have secured gainful employment and had no valid excuse for his crimes. We find nothing in the record to suggest that the trial court's decision was unreasonable, arbitrary, or unconscionable. Accordingly, the trial court did not *Page 8 
abuse its discretion in imposing consecutive sentences in separate cases. We, therefore, overrule Reed's first assignment of error.
 Validity of the Guilty Plea {¶ 22} In the second assignment of error, Reed alleges that his guilty plea was not knowing, intelligent, and voluntary. He claims that the trial court failed to advise him that it could impose consecutive prison terms, failed to ensure that he understood the plea agreement, and allowed him to plead guilty to an illegal plea agreement based upon a sentencing package.
 {¶ 23} A guilty plea will be considered knowing, intelligent, and voluntary if the trial court, at the very least, substantially complied with the procedures set forth in Crim. R. 11 regarding nonconstitutional rights. State v. Nero (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474. "Substantial compliance means that, under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving." Id.
 {¶ 24} Crim. R. 11(C)(2) describes the procedure courts must follow when accepting felony guilty pleas. It provides,
 "In felony cases the court *** shall not accept a plea of guilty *** without first addressing the defendant personally and doing all of the following:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty *** and that the court, upon acceptance of the plea, may proceed with judgment and sentence. *Page 9 
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." Id.
 {¶ 25} In the instant case, the trial court complied with the requirements set forth in Crim. R. 11, so Reed's guilty pleas were knowing, intelligent, and voluntary. Crim. R. 11 does not require a court to notify a defendant that it may impose consecutive sentences when the defendant pleads guilty to multiple offenses. State v. Kerin, Cuyahoga App. No. 85153, 2005-Ohio-4117, ¶ 8, citing State v. Johnson (1988),40 Ohio St.3d 130, 532 N.E.2d 1295, at syllabus.
 {¶ 26} During the proceedings, the trial court encouraged Reed to interrupt at any point to ask questions about the plea process. The court advised Reed of the maximum sentence for each of the charges to which he pled guilty. Given that the trial court complied with Crim. R. 11, Reed's claim that he did not understand the plea agreement cannot be grounds to reverse his convictions.
 {¶ 27} We find no merit to Reed's claim that the plea agreement was invalid. The "sentencing package" doctrine is "a federal doctrine that requires [federal courts] to consider the sanctions imposed on multiple offenses as the components of a single, comprehensive sentencing plan."State v. Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 5. Thus, the sentences are "lumped" together into one sentence, which may then be vacated or modified as a whole. Id. at ¶ 6. *Page 10 
 {¶ 28} In Saxon, the Ohio Supreme Court held that Ohio does not apply sentencing packages. Id. at ¶ 10. Instead, Ohio's felony sentencing scheme requires the judge to determine a sentence for each offense separately, then to decide whether the sentences should run concurrently or consecutively. Id. at ¶ 8-9.
 {¶ 29} In the instant case, the trial court separately addressed each offense to which Reed pled guilty. Once the court imposed a sentence for each offense, it determined whether the sentences would run concurrently or consecutively. Thus, the trial court did not apply a sentencing package or enforce an invalid plea agreement. Accordingly, we overrule Reed's second assignment of error.
 Ineffective Assistance of Counsel {¶ 30} In the third assignment of error, Reed alleges that he was denied effective assistance of counsel. Specifically, he claims that his attorney misinformed him about possible sentences and allowed him to plead guilty to an unlawful "package deal." These claims cannot support his claim of ineffective assistance of counsel.
 {¶ 31} "A defendant has the burden of proving ineffective assistance of counsel and there is a strong presumption that a properly licensed trial counsel rendered adequate assistance." State v. Page, Cuyahoga App. No. 90485, 2008-Ohio-4244, ¶ 10, citing State v. Smith (1985),17 Ohio St.3d 98, 100, 17 Ohio B. 219, 477 N.E.2d 1128.
 {¶ 32} As a result, where a defendant complains of ineffective assistance of counsel in relation to a guilty plea, the defendant must prove the two parts of the *Page 11 Strickland test. State v. Xie (1992), 62 Ohio St.3d 521, 524,584 N.E.2d 715, citing Hill v. Lockhart (1985), 474 U.S. 52, 106 S.Ct. 366,88 L.Ed.2d 203, and Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674. "First, the defendant must show that counsel's performance was deficient." Id. Next, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Lockhart, at 59; State v. Ketterer, 111 Ohio St.3d 70,2006-Ohio-5283, 855 N.E.2d 48, ¶ 89. The failure to prove either part of the test makes it unnecessary for a court to consider the other part. State v. Madrigal, 87 Ohio St.3d 378, 389, 2000-Ohio-448, 721 N.E.2d 52, citing Strickland.
 {¶ 33} The record in the instant case contains no evidence that Reed's counsel misinformed him about possible sentences. A claim of ineffective assistance of counsel that raises matters not appearing in the record may not properly be raised in a direct appeal but can only be considered in a postconviction relief proceeding. State v. Gibson (1980),69 Ohio App.2d 91, 95, 430 N.E.2d 954 ("It is impossible for this court to determine on a direct appeal from a conviction whether an attorney was ineffective in his representation of a criminal defendant, where the allegation of ineffectiveness is based on facts dehors the record."). See, also, State v. Krocker (Sept. 7, 2000), Cuyahoga App. No. 76965.
 {¶ 34} Further, once the trial court imposed the sentence, Reed could have objected on the record. He could have informed the trial court that his counsel had failed to advise him that his sentence could be seven and one-half years. His failure *Page 12 
to object undermines his claim that his counsel misinformed him about possible sentences. Finally, when he entered his guilty plea, he testified that he was satisfied with his counsel's performance. Based on the foregoing, Reed has not met his burden to show that his counsel's performance was deficient.
 {¶ 35} Reed cannot meet the second part of the Strickland test either. He has not proven that he would have proceeded to trial without his counsel's allegedly deficient advice. Before he pled guilty to each offense, the trial court informed him of the maximum penalties for each charge. Once he was informed of the possible maximum sentences, he could have asked to go to trial instead. He did not. Because he cannot meet either part of the Strickland test, Reed cannot maintain his claim of ineffective assistance of counsel. Consequently, we overrule the third assignment of error.
 {¶ 36} Judgment is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence. *Page 13 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., AND LARRY A. JONES, J., CONCUR.
[1] Case Nos. CR-483085, CR-485130, CR-485550, and CR-490333.
[2] We recognize Kalish is merely persuasive and not necessarily controlling because it has no majority. The Supreme Court split over whether we review sentences under an abuse-of-discretion standard in some instances.
[3] However, the United States Supreme Court recently upheld a judicial fact-finding statute similar to R.C. 2929.14, calling into question the Foster court's abrogation of R.C. 2929.14(B) and (C) and2929.19(B)(2). Oregon v. Ice (2009), ___ U.S. ___, 129 S.Ct. 711, 714,172 L.Ed.2d 517. The Court held that laws that require judges "to find certain facts before imposing consecutive, rather than concurrent, sentences" do not violate the Sixth Amendment. Id. The Ohio Supreme Court has not yet acknowledged Ice, but two Ohio appellate districts have. State v. Starett, Athens App. No. 07CA30, 2009-Ohio-744, fn. 2;State v. Jones, Greene App. No. 08CA0008, 2009-Ohio-694, ¶ 8. *Page 1