[Cite as *State v. Hartman*, 2011-Ohio-6112.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  |  | JUDGES: |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2011-CA-19 |
| TREVOR A. HARTMAN | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:           Criminal appeal from the Muskingum
                                   County Court of Common Pleas, Case No.
                                   2010-CR-193


JUDGMENT:                          Affirmed


DATE OF JUDGMENT ENTRY:            November 21, 2011


APPEARANCES:

For Plaintiff-Appellee             For Defendant-Appellant

MICHAEL HADDOX                     ERIC J. ALLEN
MUSKINGUM COUNTY PROSECUTOR        Law Offices of Eric J. Allen, Ltd.
27 North Fifth                     713 South Front
Zanesville, OH                     Columbus, OH  43206

*Gwin, P.J.*

{¶ 1} Defendant–appellant Trevor A. Hartman appeals from the imposition of a five year prison sentence upon his convictions in the Muskingum County Court of Common Pleas on one count of gross sexual imposition of a child under the age of thirteen, a felony of the third degree in violation of R.C. 2907.05(A)(4) and one count of attempted gross sexual imposition of a child under the age of thirteen, a felony of the fourth degree in violation of R.C. 2907.04(A)(4) and R.C. 2923.02. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE[1]

{¶ 2} A child, under the age of thirteen, was brought to Genesis Hospital in Muskingum County for an infection. The hospital determined that the child had been sexually assaulted and that she had a communicable disease. Upon interview, she disclosed that the appellant had touched her vagina underneath her clothes. The child further claimed that appellant masturbated while he touched her.

{¶ 3} On September 15, 2010, an indictment was filed in the Muskingum County Common Pleas Court, charging appellant with one count of Rape of a person under the age of thirteen and one count of Gross Sexual Imposition of a person under the age of thirteen.

{¶ 4} On April 1, 2011, appellant entered guilty pleas to one count of Gross Sexual Imposition of a person under the age of thirteen and one count of Attempted Gross Sexual Imposition of a person under the age of thirteen. At a sentencing hearing

---

[1] A detailed statement of the facts underlying appellant's conviction is unnecessary to our disposition of this appeal. Any facts needed to clarify the issues addressed in appellant's assignment of error shall be contained therein.

held on May 2, 2011, the trial court merged the two counts for sentencing purposes. The state elected to have appellant sentenced on the Gross Sexual Imposition charge contained in Count 2 of the Indictment. The trial court thereafter sentenced appellant to five (5) years in prison.

{¶ 5} Appellant timely appeals his sentence raising the following assignment of error:

{¶ 6} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING THE DEFENDANT TO THE MAXIMUM SENTENCE OF FIVE YEARS FOR ATTEMPTED [SIC.] GROSS SEXUAL IMPOSITION."[2]

I.

{¶ 7} In his sole Assignment of Error appellant argues the trial court's imposition of a maximum sentence was an abuse of discretion because it failed to consider all of the required factors under R.C. 2929.11 and R.C. 2929.12. We disagree.

{¶ 8} In a plurality opinion, the Supreme Court of Ohio established a two-step procedure for reviewing a felony sentence. *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. If this first step "is satisfied," the second step requires the trial court's decision be "reviewed under an abuse-of-discretion standard." Id.

{¶ 9} As a plurality opinion, *Kalish* is of limited precedential value. See *Kraly v. Vannewkirk* (1994), 69 Ohio St.3d 627, 633, 635 N.E.2d 323 (characterizing prior case

---

[2] We note that appellant was sentenced on the felony of the third degree, Gross Sexual Imposition contained in Count 2 of the Indictment, and not Attempted Gross Sexual Imposition, a felony of the fourth degree.

as "of questionable precedential value inasmuch as it was a plurality opinion which failed to receive the requisite support of four justices of this court in order to constitute controlling law"). See, *State v. Franklin* (2009), 182 Ohio App.3d 410, 912 N.E.2d 1197, 2009-Ohio-2664 at ¶ 8. "Whether *Kalish* actually clarifies the issue is open to debate. The opinion carries no syllabus and only three justices concurred in the decision. A fourth concurred in judgment only and three justices dissented." *State v. Ross,* 4th Dist. No. 08CA872, 2009-Ohio-877, at FN 2; *State v. Welch*, Washington App. No. 08CA29, 2009-Ohio-2655 at ¶ 6.

{¶ 10} Nevertheless, until the Supreme Court of Ohio provides further guidance on the issue, we will continue to apply *Kalish* to appeals involving felony sentencing. *State v. Welch*, supra; *State v. Reed*, Cuyahoga App. No. 91767, 2009-Ohio-2264 at n. 2; *State v. Ringler,* Ashland App. No. 09-COA-008, 2009-Ohio-6280 at ¶ 20.

{¶ 11} In the first step of our analysis, we review whether the sentence is contrary to law. In the case at bar, appellant was sentenced on a felony of the third degree. Upon conviction for a felony of the third degree, the potential sentence that the trial court can impose is one, two, three, four or five years. R.C. 29.14(A) (3). In the case at bar, appellant was sentenced to five years.

{¶ 12} Upon review, we find that the trial court's sentencing on the charge complies with applicable rules and sentencing statutes. The sentence was within the statutory sentencing range. Furthermore, the record reflects that the trial court considered the purposes and principles of sentencing and the seriousness and recidivism factors as required in Sections 2929.11 and 2929.12 of the Ohio Revised

Code and advised appellant regarding post-release control. Therefore, the sentence is not clearly and convincingly contrary to law.

{¶ 13} Having determined that the sentence is not contrary to law we must now review the sentence pursuant to an abuse of discretion standard. *Kalish* at ¶ 4; *State v. Firouzmandi,* supra at ¶ 40.

{¶ 14} In *Kalish,* the court discussed the affect of the *Foster* decision on felony sentencing. The court stated that, in *Foster,* the Ohio Supreme Court severed the judicial fact-finding portions of R.C. 2929.14, holding that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Kalish* at ¶ 1 and 11, citing *Foster* at ¶100, See also, *State v. Payne*, 114 Ohio St. 3d 502, 2007-Ohio-4642, 873 N.E. 2d 306;  *State v. Firouzmandi*, Licking App. No. 2006-CA-41, 2006-Ohio-5823.

{¶ 15} "Thus, a record after *Foster* may be silent as to the judicial findings that appellate courts were originally meant to review under 2953.08(G)(2)." *Kalish* at ¶ 12. However, although *Foster* eliminated mandatory judicial fact-finding, it left intact R.C. 2929.11 and 2929.12, and the trial court must still consider these statutes. *Kalish* at ¶13, see also *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1; *State v. Firouzmandi,* supra at ¶ 29.

{¶ 16} Thus, post-*Foster,* "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to 'consider' the statutory factors." *Foster* at ¶ 42. *State v. Rutter,* 5th Dist. No. 2006-CA-0025, 2006-Ohio-4061; *State v. Delong,*

4th Dist. No. 05CA815, 2006-Ohio-2753 at ¶ 7-8. Therefore, post-*Foster,* trial courts are still required to consider the general guidance factors in their sentencing decisions.

{¶ 17} There is no requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. *State v. Polick* (1995), 101 Ohio App.3d 428, 431; *State v. Gant,* Mahoning App. No. 04 MA 252, 2006-Ohio-1469, at ¶ 60 (nothing in R.C. 2929.12 or the decisions of the Ohio Supreme Court imposes any duty on the trial court to set forth its findings), citing *State v. Cyrus* (1992), 63 Ohio St.3d 164, 166; *State v. Hughes,* Wood App. No. WD-05-024, 2005-Ohio-6405, at ¶10 (trial court was not required to address each R.C. 2929.12 factor individually and make a finding as to whether it was applicable in this case), *State v. Woods,* 5th Dist. No. 05 CA 46, 2006-Ohio-1342 at ¶19 ("... R.C. 2929.12 does not require specific language or specific findings on the record in order to show that the trial court considered the applicable seriousness and recidivism factors"). (Citations omitted).

{¶ 18} Where the record lacks sufficient data to justify the sentence, the court may well abuse its discretion by imposing that sentence without a suitable explanation. Where the record adequately justifies the sentence imposed, the court need not recite its reasons. *State v. Middleton* (Jan. 15, 1987), 8th Dist. No. 51545. In other words, an appellate court may review the record to determine whether the trial court failed to consider the appropriate sentencing factors. *State v. Firouzmandi,* 5th Dist No. 2006-CA41, 2006-Ohio-5823 at ¶ 52.

{¶ 19} Accordingly, appellate courts can find an "abuse of discretion" where the record establishes that a trial judge refused or failed to consider statutory sentencing

factors. *Cincinnati v. Clardy* (1978), 57 Ohio App.2d 153, 385 N.E.2d 1342. An "abuse of discretion" has also been found where a sentence is greatly excessive under traditional concepts of justice or is manifestly disproportionate to the crime or the defendant. *Woosley v. United States* (1973), 478 F.2d 139, 147. The imposition by a trial judge of a sentence on a mechanical, predetermined or policy basis is subject to review. *Woosley,* supra at 143-145. Where the severity of the sentence shocks the judicial conscience or greatly exceeds penalties usually exacted for similar offenses or defendants, and the record fails to justify and the trial court fails to explain the imposition of the sentence, the appellate court's can reverse the sentence. *Woosley,* supra at 147. This by no means is an exhaustive or exclusive list of the circumstances under which an appellate court may find that the trial court abused its discretion in the imposition of sentence in a particular case. *State v. Firouzmandi,* supra.

{¶ 20} In the case at bar, the court had the benefit of a pre-sentence investigation report. We also note that we do not know the specific contents of the pre-sentence investigation report or victim impact statement as appellant did not make them a part of the record. In *State v. Untied* (March 5, 1998), Muskingum App. No. CT97-0018, we addressed the issue of failure to include the pre-sentence investigation report and stated:

{¶ 21} "Appellate review contemplates that the entire record be presented. App. R. 9. When portions of the transcript necessary to resolve issues are not part of the record, we must presume regularity in the trial court proceedings and affirm. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St. 2d 197, 400 N.E. 2d 384. The pre-sentence investigation report could have been submitted "under seal" for our review.

**{¶ 22}** "Without the cited information and given the trial court (sic) findings on the record, we cannot say appellant's sentence was against the manifest weight of the evidence, or 'contrary to law'." Id. at 7. See also, *State v. Mills* (September 25, 2003), 5th Dist. No. 03-COA-001 at paragraph, 13-15. Appellant has the responsibility of providing the reviewing court with a record of the facts, testimony, and evidentiary matters that are necessary to support the appellant's assignments of error. *Wozniak v. Wozniak* (1993), 90 Ohio App.3d 400, 409, 629 N.E.2d 500, 506; *Volodkevich v. Volodkevich* (1989), 48 Ohio App.3d 313, 314, 549 N.E.2d 1237, 1238-1239.

**{¶ 23}** There is no evidence in the record that the judge acted unreasonably by, for example, selecting the sentence arbitrarily, basing the sentence on impermissible factors, failing to consider pertinent factors, or giving an unreasonable amount of weight to any pertinent factor. We find nothing in the record of appellant's case to suggest that his sentence was based on an arbitrary distinction that would violate the Due Process Clause of the Fifth Amendment.

**{¶ 24}** Accordingly, we overrule appellant's sole Assignment of Error.

{¶ 25} For the foregoing reasons, the judgment of the Muskingum County Court of Common Pleas, Ohio, is affirmed.

By Gwin, P.J.,

Wise, J., and

Edwards, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

WSG:clw 1104                                    _____
                                               HON. JULIE A. EDWARDS

[Cite as *State v. Hartman*, **2011-Ohio-6112.**]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                                      :
                                                   :
             Plaintiff-Appellee       :
                                                   :
                                                   :
-vs-                                               :            JUDGMENT ENTRY
                                                   :
TREVOR A. HARTMAN                                  :
                                                   :
                                                   :
           Defendant-Appellant      :            CASE NO. CT2011-CA-19


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Muskingum County Court of Common Pleas, Ohio, is affirmed. Costs to appellant.


 

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. JULIE A. EDWARDS