JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Donald Ennist ("Ennist"), appeals his conviction and the trial court's decision denying his post-sentence motion to withdraw his guilty plea. Finding no merit to the appeal, we affirm.
 {¶ 2} On October 13, 2006, the Cuyahoga County Grand Jury indicted Ennist for retaliation, a violation of R.C. 2921.06, and for intimidation, a violation of R.C. 2921.03. The incident giving rise to the indictment occurred on February 22, 2005, wherein Ennist, who appeared before the trial court for sentencing in another case, allegedly threatened the victim by mouthing, in open court, "You're done."
 {¶ 3} On April 30, 2007, after several pretrials and the completion of discovery, Ennist, as part of a plea agreement, withdrew his previously entered not guilty plea, pled guilty to the single count of intimidation, and the trial court nolled the remaining count. On May 2, 2007, the trial court sentenced Ennist to five years of community controlled sanctions with the condition that he first serve 180 days of local jail time, to begin on May 22, 2007, and ordered that he have no contact with the victim.
 {¶ 4} Following sentencing, on May 17, 2007, Ennist, pro se, moved to vacate his guilty plea on the grounds that he entered such plea without the advice of counsel and without understanding the nature of the charge, the effect of his plea, or his rights in the proceeding. He further argued that he was "unfairly and unprofessionally coerced" by his attorney to enter the plea and led to believe that a different sentence would be imposed if he pled guilty. *Page 4 
 {¶ 5} On May 30, 2007, the trial court denied his motion.
 {¶ 6} In this delayed appeal, Ennist raises the following three assignments of error:
 {¶ 7} "[I.] The trial court violated appellant's Sixth Amendment to the United States Constitution right to a speedy trial pursuant toBarker v. Wingo, 407 U.S. 514 (1972) and pursuant to R.C. 2945.71 when it failed to rule on his motion to dismiss prior to his plea.
 {¶ 8} "[II.] The State of Ohio failed to act with reasonable diligence in the commencement of prosecution against the appellant as required by R.C. 2901.13(E) and the Due Process Clause of the United States Constitution.
 {¶ 9} "[III.] The court erred in denying appellant's request to vacate his guilty plea."
 Speedy Trial Rights {¶ 10} In his first assignment of error, Ennist argues that both his statutory and constitutional speedy trial rights were violated. We disagree.
 {¶ 11} The constitutional right to a speedy trial is guaranteed by theSixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. Ohio also provides an accused with a statutory right to be brought to trial within a specified number of days after the accused's arrest, namely, 270 days or 90 days if the person is held in jail in lieu of bail on the pending charges. See R.C. 2945.71 to R.C. 2945.73 (the statutory scheme provides for tolling the time for *Page 5 
speedy trial purposes when the delay arises from the defendant, e.g., requests for continuances or failure to appear).
 {¶ 12} Once a defendant enters a valid guilty plea to the indicted charges, the defendant waives any right to challenge a conviction on statutory speedy trial grounds. State v. Kelley (1991),57 Ohio St.3d 127, paragraph one of the syllabus. Here, Ennist pled guilty to the single count of intimidation. As discussed infra, Ennist's plea was voluntarily, knowingly, and intelligently made, and, therefore, valid. Accordingly, because he entered a valid guilty plea, he has waived his right to raise a statutory speedy-trial violation.[1]
 {¶ 13} Ennist's constitutional right to a speedy trial, however, was not waived by his guilty plea. As explained by this court in State v.Branch (1983), 9 Ohio App.3d 160, 162:
 {¶ 14} "The United States Supreme Court noted in Menna v. NewYork (1975), 423 U.S. 61, fn. 2, at 62-63, that a plea of guilty establishes the defendant's guilt, and operates as a waiver of only those constitutional violations which pertain to the issue of factual guilt. In State v. Wilson (1979), 58 Ohio St.2d 52, 55, the Ohio Supreme Court held that `those constitutional violations which go to the ability of the *Page 6 
state to prosecute, regardless of factual guilt, may be raised on appeal from a guilty plea.'"
 {¶ 15} In examining a constitutional claim on speedy trial grounds, the statutory time requirements of R.C. 2945.71 to 2945.73 are not relevant; instead, courts should employ the balancing test enunciated by the United States Supreme Court in Barker v. Wingo (1972), 407 U.S. 514. The test includes considering (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his or her right to a speedy trial; and (4) the prejudice to the defendant. Id. at 530-32; see, also, State v. Triplett, 78 Ohio St.3d 566, 1997-Ohio-182.
 {¶ 16} The length of the delay is the "triggering mechanism" that determines the necessity of inquiry into the other factors.Barker, 407 U.S. at 530. Until there is some delay that is presumptively prejudicial, "there is no necessity for inquiry into the other factors that go into the balance." Id. The delay, however, relates to the time that it takes the state to bring an accused to trial after an arrest, indictment, or other official accusation. See Doggett v.United States (1992), 505 U.S. 647.
 {¶ 17} Here, we find no delay that is presumptively prejudicial to trigger the remaining Barker factors. No "official accusation" was made against Ennist until the filing of a complaint on September 11, 2006.[2] Ennist was indicted less than a month *Page 7 
later and notified of his arraignment for October 27, 2006. When Ennist failed to appear for his arraignment, the court issued a capias for his arrest and the state requested that he be returned from Warren Correctional Institution, where he was serving a prison sentence on another case. After being assigned counsel, Ennist was arraigned on November 27, 2006-less than three months from when a complaint was filed against him, where he pled not guilty to the charges.[3] After numerous pretrials and requests for continuances, the trial court scheduled Ennist's trial for April 17, 2007. On April 30, 2007, after reaching a plea agreement with the state, Ennist pled guilty to a single count of intimidation and the trial court nolled the count of retaliation. Thus, Ennist was brought to trial within 196 days from his indictment and indicted within a month after the state accused him of any crime.[4] Accordingly, under these circumstances, we fail to see how Ennist was subject to an unreasonable delay.
 {¶ 18} In claiming that there was an unreasonable delay, Ennist argues that the state waited 521 days before it brought him to trial. We find no support in the record for this assertion. As stated above, the state indicted Ennist within a month of *Page 8 
any official accusation; he was arraigned within a month of his indictment; and, finally, he was brought to trial within 196 days from his indictment.
 {¶ 19} Ennist implies that the delay arises from the state's failure to indict closer to the time of the offense. This argument, however, relates solely to a due process challenge and does not support a constitutional speedy trial challenge. The speedy trial guarantee under the Sixth Amendment to the United States Constitution does not apply until "arrest, indictment, or other official accusation."Doggett, supra; United States v. Marion (1971), 404 U.S. 307, 313
(recognizing that the speedy trial guarantee under the federal constitution has no applicability to preindictment delays); see, also,State v. Davis, 7th Dist. No. 05MA235, 2007-Ohio-7216, ¶ 19; State v.Weiser, 10th Dist. No. 03P-95, 2003-Ohio-7034, ¶ 24. Here, we see no official accusation until the filing of the complaint in September 2006, which was close in time to both Ennist's arraignment and subsequent trial. Accordingly, we find no unreasonable delay to support a constitutional speedy trial violation.
 {¶ 20} As for Ennist's broad claim that his rights were violated because the trial court failed to rule on his motion to dismiss on speedy trial grounds, we find no merit to this argument. Contrary to Ennist's assertion on appeal, he never filed a motion to dismiss on speedy trial grounds in the court below. To the extent that Ennist relies on a letter he sent the trial court on February 3, 2007 as a "rudimentary" motion to dismiss, such letter was never filed with the court or served on the state. Indeed, there is no indication that the trial judge even saw the letter and, given that Ennist *Page 9 
was represented by counsel when he sent the letter, the trial court may have wisely and intentionally disregarded the letter. (Notably, Ennist incriminates himself in the letter, admitting to writing threatening letters to the victim.) Thus, because Ennist never moved to dismiss on speedy trial grounds, we cannot say that the trial court erred in failing to discuss or rule on a motion that was never filed.
 {¶ 21} Accordingly, Ennist's first assignment of error is overruled.
 Due Process {¶ 22} In his second assignment of error, Ennist argues that the state violated his statutory and constitutional rights by delaying its prosecution of the case.
 {¶ 23} In support of his claim of an alleged statutory violation, Ennist cites to R.C. 2901.13, which sets forth the governing statute of limitations for felonies and the state's requirement to commence prosecution within that time. Here, the underlying offense occurred on February 22, 2005, and Ennist was indicted on October 16, 2006. This clearly falls within the six year statute-of-limitations requirement for felonies. See R.C. 2901.13 (six-year statute of limitations for a felony). We therefore find no merit to Ennist's purported statutory due process claim.
 {¶ 24} As for his federal constitutional due process claim arising from the state's 20-month delay in commencing the prosecution, no violation exists unless Ennist was substantially prejudiced by this preindictment delay. See United States v. *Page 10 Lovasco (1977), 431 U.S. 783, 790; see, also, State v. Luck (1984),15 Ohio St.3d 150. As recognized by the Ohio Supreme Court:
 {¶ 25} "An unjustifiable delay between the commission of an offense and a defendant's indictment therefor, which results in actual prejudice to the defendant, is a violation of the right to due process of law under * * * the Fifth and Fourteenth Amendments to the United States Constitution." Luck, supra, paragraph two of the syllabus.
 {¶ 26} To succeed in having a court dismiss an indictment as a result of preindictment delay, the defendant must demonstrate that the delay caused actual prejudice to his or her defense. Id. at 157-58. Once the defendant makes this showing of actual prejudice, the burden then shifts to the state to prove that the reasons for the delay were justifable. Id. at 158. Thus, "proof of actual prejudice, alone, will not automatically validate a due process claim"; rather, "the prejudice suffered by the defendant must be viewed in light of the state's reason for the delay." Id., citing Lovasco, supra, at 789-790.
 {¶ 27} "To prove actual prejudice, a defendant must show, by concrete proof, the exculpatory value of any alleged missing evidence." State v.Robinson, 6th Dist. No. L-06-1182, 2008-Ohio-3498, ¶ 121, citingState v. Gulley (Dec. 20, 1999), 12th Dist. No. CA99-02-004; see, alsoUnited States v. Doerr (C.A.7, 1989), 886 F.2d 944, 964. A defendant must specifically show how lost witnesses and physical *Page 11 
evidence would have proven the defendant's asserted defense-mere speculation is insufficient to demonstrate prejudice. Id.
 {¶ 28} Here, Ennist fails to demonstrate that he was actually prejudiced by the preindictment delay. Other than merely speculating that witnesses' memories may have faded, Ennist offers no evidence that his defense would be prejudiced at trial. Indeed, Ennist fails to point to one witness that would have assisted in his defense absent the preindictment delay. Additionally, Ennist's purported claim of prejudice as a result of having to complete his entire sentence in a separate case is irrelevant to his defense in the underlying case and does not provide a grounds for demonstrating prejudice. Accordingly, because Ennist failed to demonstrate any prejudice by the state's delay in prosecuting his case, we find no constitutional violation of his due process rights.
 {¶ 29} The second assignment of error is overruled.
 Guilty Plea {¶ 30} In his third assignment of error, Ennist argues that the trial court should have granted his motion to vacate his guilty plea. We disagree.
 {¶ 31} Crim. R. 32.1, which governs motions to withdraw guilty pleas, states:
 {¶ 32} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her guilty plea." *Page 12 
 {¶ 33} The decision to grant or deny a motion to withdraw a guilty plea lies within the sound discretion of the trial court. State v.Smith (1977), 49 Ohio St.2d 261, 264.
 {¶ 34} Generally, a presentence motion to withdraw a guilty plea is to be freely and liberally granted. State v. Xie (1992), 62 Ohio St.3d 521,526. After sentencing, the defendant must show that his motion to withdraw his plea of guilty is to correct a manifest injustice. It is addressed to the court's sound discretion. Smith, supra, at 261. A post-sentence motion to vacate a plea is only permitted in extraordinary cases because the "accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe." State v. Peterseim (1980),68 Ohio App.2d 211, 213.
 {¶ 35} Here, Ennist filed a post-sentence motion to vacate his plea, claiming that he was coerced into entering a guilty plea on the single count of intimidation. He argues on appeal that, had he been properly informed that the state violated his speedy trial rights, he never would have entered a guilty plea. Having already found that Ennist's statutory and constitutional rights to a speedy trial were not violated, we find no merit to this claim. We likewise reject Ennist's claim that his pending motion to dismiss on speedy trial grounds further demonstrates that he did not knowingly waive his constitutional and statutory rights to a jury trial. As previously discussed, Ennist never filed a motion to dismiss; therefore, the trial court had no responsibility to discuss something that did not exist. *Page 13 
 {¶ 36} Next, Ennist argues that his plea was not knowingly and voluntarily made and that the trial court should have vacated his guilty plea because he clearly voiced his unwillingness to entering such a plea. We disagree.
 {¶ 37} Although Ennist expressed some reluctance to pleading guilty after the trial court thoroughly explained his constitutional rights, he later unequivocally recanted any hesitation and clearly expressed his desire to plead guilty:
 "The Court: I understand that you've been vacillating back and forth and back and forth. I'm not here to strong-arm a plea out of you.
 "The Defendant: I know, and I'm sorry. I strongly apologize. She's [Ennist's attorney] been doing great for me. I apologize, and I plead guilty to the charge, ma'am, the intimidation.
 "The Court: Okay. You know what, Mr. Ennist, I'm going to give you and * * * [your attorney] a chance to talk. The Court will stay on the bench, and I'll have [the prosecutor] remain at the trial table, as well. I want to make sure that you are entering this plea fully understanding that there will be no trial, if you change your plea, and all of the other trial rights that you would be waiving. Okay, Mr. Ennist?
 "The Defendant: I really appreciate it."
 {¶ 38} Thereafter, the trial court recessed, allowing Ennist to confer with his attorney. After going back on the record, the trial court asked Ennist two separate times how he wanted to plea. Ennist expressly indicated his desire to plead guilty. The trial court then asked Ennist whose decision it was to change his plea. The trial court asked Ennist this question three separate times and, each time, he unequivocally indicated that it was his decision. *Page 14 
 {¶ 39} Based on the trial court's thorough explanation of his rights, the trial court's inquiry as to Ennist's voluntariness of entering the plea, and his own testimony, we find that he knowingly, voluntarily, and intelligently entered a plea of guilty. The mere fact that Ennist did not receive the sentence that he wanted does not provide grounds for vacating a guilty plea. Thus, we cannot say that the trial court abused its discretion in denying his motion to withdraw his guilty plea.
 {¶ 40} The third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, A.J., and PATRICIA A. BLACKMON, J., CONCUR
[1] Even if Ennist had not waived his statutory right to a speedy trial, the record demonstrates that he was brought to trial well within the 270-day period. Although Ennist was incarcerated while awaiting trial, the State was not required to bring him to trial within 90 days because his incarceration was unrelated to the underlying case. See R.C. 2945.71.
[2] Ennist implies that he was subject to official accusation for the February 23, 2005 incident the day that it occurred. Ennist points to the transcript of the sentencing hearing in support of this assertion. This transcript, however, it not part of the record on appeal nor was it part of the record below. We are limited to review only those matters that are part of the record. See Isbell v. Kaiser Found. HealthPlan (1983), 85 Ohio App.3d 313.
[3] Indeed, Ennist would have been arraigned within two weeks of his indictment if he had appeared.
[4] Notably, the 196 days that elapsed does not even take into account the numerous days that would have been tolled as a result of Ennist's initial capias and his several requests for continuances. See, generally, State v. Blackburn, 118 Ohio St.3d 163, 2008-Ohio-182
(recognizing that periods of delay caused by the defendant are tolled for computing the defendant's speedy-trial time); see, also, R.C. 2945.72. *Page 1