JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} In 2007, defendant-appellant, Michael Pond ("Pond"), was charged in Case No. CR-491533 with kidnapping, aggravated robbery, and having a weapon while under a disability. The kidnapping and aggravated robbery charges were accompanied by one-and three-year firearm specifications, notices of prior conviction, and repeat violent offender specifications. He pled guilty to aggravated robbery with a three-year firearm specification and the remaining counts and specifications were nolled. The trial court sentenced Pond to nine years in prison.
 {¶ 2} Pond filed the instant delayed appeal and raises three assignments of error for our review. For the following reasons, we affirm the judgment of the trial court.
 {¶ 3} In his first assignment of error, Pond argues that the State's charging him with escape was contrary to law and, therefore, rendered his plea in Case No. CR-491533 involuntary.[1] He further argues that his counsel in Case No. CR-490069 was ineffective for failing to move to dismiss the escape charge. Within this assignment of error, Pond also discusses the court's addition of postrelease control in another case, Case No. CR-373900.[2] *Page 4 
 {¶ 4} In his notice of appeal, Pond indicated he was solely appealing his conviction in Case No. CR-491533. It is axiomatic that the notice of appeal must specify the judgment being appealed. See App. R. 3(D). Pond failed to specify that he was appealing matters related to Case No. CR-490069 or Case No. CR-373900; therefore, we lack jurisdiction to consider any assignment of error regarding these cases. See State v.Stewart, Cuyahoga App. No. 86411, 2006-Ohio-813, ¶ 52; Parks v.Baltimore Ohio RR. (1991), 77 Ohio App.3d 426, 602 N.E.2d 674 (holding that a court of appeals lacks jurisdiction to review a judgment or order that is not designated in the notice of appeal).
 {¶ 5} Instead of filing proper appeals, Pond is attempting to utilize the instant appeal to improperly seek review of alleged errors that he failed to timely appeal. As we stated in State v. Church (Nov. 2, 1995), Cuyahoga App. No. 68590:
 "This type of `bootstrapping' to wit, the utilization of a subsequent order to indirectly and untimely appeal a prior order (which was never directly appealed) is procedurally anomalous and inconsistent with the appellate rules which contemplate a direct relationship between the order from which the appeal is taken and the error assigned as a result of that order. See, Appellate Rules 3(D), 4(A), 5 and 16(A)(3)." See, also, State v. Muldrew, Cuyahoga App. No. 85661, 2005-Ohio-5000; Davis.
 {¶ 6} Therefore, we cannot consider Pond's assignment of error because he is attempting to utilize the instant appeal for an untimely appeal of prior judgments.
 {¶ 7} The first assignment of error is overruled.
 {¶ 8} In the second assignment of error, Pond argues that he was denied effective assistance of counsel because his attorney failed to move to dismiss the *Page 5 
charges on speedy trial grounds and because counsel did not advise him of the full effect of his guilty plea.
 {¶ 9} In a claim of ineffective assistance of counsel, the burden is on the defendant to establish that counsel's performance fell below an objective standard of reasonable representation and prejudiced the defense. State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus; Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674. To determine whether counsel was ineffective, Pond must show that: (1) counsel's performance was deficient, in that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment, and (2) counsel's deficient performance prejudiced the defense in that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.Strickland.
 {¶ 10} In Ohio, a properly licensed attorney is presumed competent.Vaughn v. Maxwell (1965), 2 Ohio St.2d 299, 301, 209 N.E.2d 164. In evaluating whether a petitioner has been denied the effective assistance of counsel, the Ohio Supreme Court held that the test is "whether the accused, under all the circumstances, *** had a fair trial and substantial justice was done." State v. Hester (1976), 45 Ohio St.2d 71,341 N.E.2d 304, paragraph four of the syllabus.
 {¶ 11} When making that evaluation, a court must determine whether there has been a substantial violation of any of defense counsel's essential duties to his client *Page 6 
and whether the defense was prejudiced by counsel's ineffectiveness.State v. Lytle (1976), 48 Ohio St.2d 391, 358 N.E.2d 623; State v.Calhoun, 86 Ohio St.3d 279, 289, 1999-Ohio-102, 714 N.E.2d 905. To show that a defendant has been prejudiced, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.Bradley, at paragraph three of the syllabus; Strickland.
 {¶ 12} Pond argues that his counsel was deficient for failing to move to dismiss the charges against him for lack of a speedy trial. Thus, to support an ineffective assistance claim on this basis, Pond must show there was a valid basis for moving to dismiss based on a speedy trial violation and that such a motion would have affected the outcome.State v. Morgan, Medina App. No. 07CA0124-M, 2008-Ohio-5530.
 {¶ 13} R.C. 2945.71(C)(2) provides that a person against whom a felony charge is pending shall be brought to trial within 270 days after his arrest. For purposes of computing time under R.C. 2945.71(C)(2), each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. See R.C. 2945.71(E). In other words, "[a] felony defendant in Ohio must be tried within ninety days if incarcerated on the pending charge or within two hundred seventy days if on bail." State v. Coleman (1989), 45 Ohio St.3d 298, 304,544 N.E.2d 622.
 {¶ 14} However, the triple-count provision in R.C. 2945.71(E) applies only to defendants held in jail in lieu of bail solely on the pending charge. State v. Brown, *Page 7 64 Ohio St.3d 476, 479, 1992-Ohio-96, 597 N.E.2d 97; State v.MacDonald (1976), 48 Ohio St.2d 66, 357 N.E.2d 40, paragraph one of the syllabus; State v. Johnson, Cuyahoga App. Nos. 81692 and 81693, 2003-Ohio-3241. If the defendant is in jail on a separate unrelated case, the three-for-one provision does not apply, and the speedy trial time is counted on a one-for-one basis. See R.C. 2945.72;Coleman, supra; State v. Thieshen (1977), 55 Ohio App.2d 99,379 N.E.2d 622.
 In addition, R.C. 2945.72 identifies several circumstances that extend the time within which an accused must be brought to trial when the delay arises from the defendant, e.g., requests for continuances, failure to appear, or motions to suppress or dismiss.
 {¶ 15} Pond was arrested on December 14, 2006. At the time of his arrest, Case No. CR-490069 was pending. Pond pled guilty on July 31, 2007. Thus, not even counting the periods when time tolled pursuant to the provisions in R.C. 2945.72, his speedy trial rights were not violated. Moreover, since Pond entered a guilty plea in this case, he has waived any claim that his statutory speedy trial rights were violated. See State v. Ennist, Cuyahoga App. No. 90076, 2008-Ohio-5100, citing State v. Kelley (1991), 57 Ohio St.3d 127, 566 N.E.2d 658, paragraph one of the syllabus.[3]
 {¶ 16} Next, Pond argues that his counsel was ineffective for failing to make sure that he understood the effect of his guilty plea in accordance with Crim. R. 11. *Page 8 
Crim. R. 11, however, clearly mandates the trial court, not defense counsel, inform the defendant of his rights as expressed in the rule and determine that he understands those rights and that he is making his guilty plea voluntarily. State v. Younger (1975), 46 Ohio App.2d 269,349 N.E.2d 322.
 {¶ 17} Accordingly, we find that counsel was not deficient in failing to raise the speedy trial issue or in counseling Pond regarding his guilty plea; therefore, Pond was not denied effective assistance of counsel.
 {¶ 18} The second assignment of error is overruled.
 {¶ 19} In the third assignment of error, Pond argues that his indictment was defective because his indictment for aggravated robbery under R.C. 2911.01(A)(1), did not include the necessary element of mens rea.
 {¶ 20} In State v. Colon, 118 Ohio St. 3d 26, 2008-Ohio-1624,885 N.E.2d 917 ("Colon I "), the Ohio Supreme Court held that an indictment for robbery in violation of R.C. 2911.02(A)(2) was defective because it failed to charge recklessness as the mens rea, which is an essential element of the crime. Subsequently, the Ohio Supreme Court issuedState v. Colon, 119 Ohio St.3d 204, 2008-Ohio-3749, 893 N.E.2d 169
("Colon II"), a reconsideration of its holding in Colon I. In ColonII, the Court limited the holding of Colon I to "rare cases, *** in which multiple errors at the trial follow the defective indictment." Id.
 {¶ 21} This court has recently declined to extend Colon to cases in which the defendant pled guilty to the indictment. State v. Hayden, Cuyahoga App. No. 90474, *Page 9 2008-Ohio-6279; State v. Lawrence, Cuyahoga App. Nos. 90977 and 90978,2009-Ohio-33. We have also rejected Colon's application to cases of aggravated robbery charged under R.C. 2911.01(A)(1). State v.Price, Cuyahoga App. No. 90308, 2008-Ohio-3454; State v. Wade, Cuyahoga App. No. 90145, 2008-Ohio-4870; State v. Peterson, Cuyahoga App. No. 90263, 2008-Ohio-4239.[4]
 {¶ 22} Therefore, the third assignment of error is overruled.
 {¶ 23} Accordingly, judgment is affirmed. It is ordered that appellee recover of appellant costs herein taxed. The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence. *Page 10 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, J., CONCURS; MARY J. BOYLE, J., CONCURS IN JUDGMENT ONLY.
[1] Pond was charged with escape in CR-490069. The case was eventually dismissed on July 31, 2007.
[2] In 1999, Pond was sentenced to six years in prison for involuntary manslaughter and aggravated burglary in CR-373900.
[3] We note, however, that a guilty plea does not waive a defendant's constitutional right to a speedy trial. See Ennist. Pond makes no argument in regard to his constitutional right to a speedy trial.
[4] These cases follow State v. Wharf, 86 Ohio St.3d 375,1999-Ohio-112, paragraph two of the syllabus, which held that "it is not necessary to prove a specific mental state regarding the deadly weapon element of the offense of robbery." *Page 1