[Cite as *State v. Henderson*, 2014-Ohio-2061.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100385**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ERIC L. HENDERSON

DEFENDANT-APPELLANT

**JUDGMENT:**
DISMISSED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-11-557444

**BEFORE:** Keough, P.J., Kilbane, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** May 15, 2014

**APPELLANT**

Eric Henderson, pro se
Inmate No. 623-389
Lake Erie Correctional Institution
P.O. Box 8000
Conneaut, Ohio 44030

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Mary H. McGrath
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, P.J.:

{¶1} Defendant-appellant, Eric L. Henderson, appeals the trial court's decision denying his notice for a final appealable order. For the reasons that follow, we dismiss his appeal as untimely.

{¶2} In December 2011, Henderson was charged in an eight-count indictment with aggravated burglary, aggravated robbery, and kidnapping, with each count containing firearm specifications. The state also sought forfeiture of the weapon and property used in these offenses. On March 21, 2012, Henderson pleaded guilty to two amended counts of aggravated robbery (Counts 3 and 4) and the attendant three-year firearm specifications; he also agreed to forfeit the seized firearm. The remaining counts were nolled, and Henderson was sentenced to a total of ten years in prison. On April 4, 2012, the trial court entered a corrected sentencing entry to correct a clerical error in its original March 21, 2012 sentencing entry. The correction clarified that Count 4 was not nolled.

{¶3} On April 19, 2012, Henderson filed a direct appeal of his convictions and requested from the trial court that a transcript be prepared at the state's expense and for appointment of counsel. The trial court denied his request for a transcript at the state's expense, determining that Henderson "is not entitled to an appeal of right, per R.C. 2953.08." This court dismissed his appeal for failure to file the record. *See State v. Henderson*, 8th Dist. Cuyahoga No. 98254 (June 15, 2012).

**{¶4}** In December 2012, the trial court denied Henderson's motions to withdraw his guilty plea and to suspend the payment of court costs until release from prison. No appeal was taken from these orders.

**{¶5}** In May 2013, Henderson moved the trial court "for a final appealable order." In support of his motion, he contends that he was denied his "one appeal as of right" and that the March 21, 2012 sentencing entry was void. The trial court ordered that Henderson's motion be stricken because the trial court's April 2012 corrected sentencing entry had alleviated the clerical error, which made Henderson's convictions final and appealable. Henderson did not appeal this decision.

**{¶6}** In August 2013, Henderson filed a "notice for a final appealable order," again requesting a final appealable order from the March 21, 2012 sentencing entry. The trial court denied his request. It is from this order that Henderson appeals, raising one assignment of error — "the trial court failed to consider proportionality and consistency in fashioning the prison sentence." This assignment of error challenges the 2012 sentencing order.

**{¶7}** App.R. 3(D) provides, in pertinent part, that the notice of appeal "shall designate the judgment, order or part thereof appealed from * * *." Henderson's notice of appeal designates the trial court's order denying his request for a final appealable order as the order or judgment appealed from, not the 2012 sentencing order.

**{¶8}** It is axiomatic that the notice of appeal must specify the judgment being appealed. *See* App.R. 3(D); *State v. Pond*, 8th Dist. Cuyahoga No. 91061,

2009-Ohio-849, ¶ 4.   A court of appeals lacks jurisdiction to review a judgment or order that is not designated in the notice of appeal.  *Parks v. Baltimore & Ohio RR.*, 77 Ohio App.3d 426, 427, 602 N.E.2d 674 (8th Dist.1991).   Henderson is attempting to bootstrap a claim that is now time-barred; thus, this court is without jurisdiction to consider it.  *State v. Cottrell*, 8th Dist. Cuyahoga No. 95053, 2010-Ohio-5254, ¶ 19, citing App.R. 4 and *State v. Weese*, 9th Dist. Medina Nos. 2742-M and 2760-M, 1998 Ohio App. LEXIS 2124 (May 13, 1998).

{¶9} Moreover, Henderson filed a timely direct appeal of his convictions in June 2012.   Any issue regarding his sentence could have been raised in that appeal; however, because he failed to file the record, his direct appeal was dismissed.   Therefore, res judicata further bars consideration of his argument on appeal.

{¶10} Appeal dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
PATRICIA ANN BLACKMON, J., CONCUR