[Cite as *Cleveland v. Beach*, 2021-Ohio-577.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CITY OF CLEVELAND, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 109467 |
| v. | : | |
| PATRICK D. BEACH, | : | |
| Defendant-Appellant. | : | |

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED
**RELEASED AND JOURNALIZED:** March 4, 2021

---

Criminal Appeal from the Cleveland Municipal Court
Case No. 2019-TRC-009214

---

### *Appearances:*

Barbara A. Langhenry, Cleveland Director of Law, Stephen F. Gorczyca, Omar Siddiq and Brittany C. Barnes, Assistant City Prosecutors, *for appellee.*

Milton A. Kramer Law Clinic and Andrew S. Pollis, *for appellant.*

ANITA LASTER MAYS, P.J.:

{¶ 1} Defendant-appellant Patrick D. Beach ("Beach") appeals his conviction and asks this court to vacate. Finding merit to Beach's second assignment of error, we vacate Beach's conviction and sentence.

**{¶ 2}** Following a jury trial, Beach was found guilty of one count of driving under the influence of alcohol, a first-degree misdemeanor, in violation of R.C. 4511.19(A)(1)(a). The trial court found Beach guilty of driving in marked lanes, a minor misdemeanor, in violation of R.C. 4511.33. The trial court sentenced Beach to 180 days in jail with 176 days suspended. Beach was sentenced to two years of community control supervision, ordered to complete 60 hours of community service and attend three Mothers Against Drunk Driving sessions. Beach's driver's license was suspended until March 17, 2020, and he was fined $400.

## I. Facts and Procedural History

**{¶ 3}** According to court records, Beach was arrested on March 17, 2019, for driving under the influence of alcohol. Beach spent three days in jail and was arraigned on March 20, 2019, where he pleaded not guilty to the offenses charged. Beach was released on personal bond and his first pretrial was scheduled for April 11, 2019. At the first pretrial hearing, Beach requested a continuance to obtain discovery. The trial court rescheduled the hearing for May 6, 2019. At the May pretrial hearing, Beach requested a continuance in order to view the police body-camera footage of his arrest. The trial court granted Beach's request and scheduled another hearing for June 4, 2019. On June 4, 2019, Beach requested another continuance asking the court to give him time to decide whether he wanted to go to trial. The trial court granted his request and scheduled another pretrial hearing for June 12, 2019.

{¶ 4} Beach and his attorney did not attend the June 12, 2019 pretrial hearing. According to Beach, he thought the trial court scheduled the hearing for July 12, 2019. As a result of his failure to appear, the trial court issued a warrant for Beach's arrest. On June 25, 2019, Beach filed a motion requesting the trial court to recall the capias[1] and reschedule another pretrial. One June 26, 2019, the trial court granted Beach's motion to continue and rescheduled the pretrial hearing for July 16, 2019.

{¶ 5} At the July 16, 2019 pretrial hearing, Beach requested another continuance in order to file a motion to suppress the evidence. That motion was filed July 17, 2019, and the city filed their response on August 2, 2019. The trial court denied Beach's motion to suppress on August 8, 2019, and scheduled another pretrial hearing for August 21, 2019, at Beach's request. Again, at Beach's request, during the August 21, 2019 hearing, Beach requested another continuance. The trial court scheduled Beach's trial for October 24, 2019.

{¶ 6} On October 22, 2019, the prosecutor asked the trial court for a continuance of the trial due to the testifying officer's unavailability as a result of a week-long training. The trial court granted the request and scheduled the trial to occur on November 4, 2019. Thereafter, the trial court moved the trial to November 14, 2019 without explanation. On November 14, 2019, the prosecutor

---

[1] A writ of arrest. In some U.S. jurisdictions a capias is used instead of an arrest warrant.

was ill and requested a continuance. The trial court granted the continuance and rescheduled the trial for December 4, 2019.

{¶ 7} On December 3, 2019, Beach filed a motion to dismiss the case for violation of his speedy trial rights. Beach argued that 136 days had passed since he was arrested, not accounting for the delays he requested. The city filed its answer to Beach's motion to dismiss arguing that Beach's speedy trial days reset when the trial court issued the capias. The trial court agreed with the city and denied Beach's motion. Trial was held on December 4, 2019, and Beach was found guilty of both charges. Beach filed this appeal assigning two errors for our review:

I. The trial court erred if it denied Beach's motion to recall his capias; and

II. The trial court erred when it denied Beach's motion to dismiss on speedy-trial grounds.

## II. Recalling the Capias

{¶ 8} In Beach's first assignment of error, he argues that the trial court erred if it denied Beach's motion to recall his capias. The record reflects that the trial court issued a capias after Beach failed to appear for his June 12, 2019 pretrial hearing. Beach thereafter filed a motion to recall the capias, and the trial court rescheduled the pretrial hearing for July 16, 2019. The record does not reflect that the trial court expressly recalled the capias when it rescheduled the pretrial hearing.

{¶ 9} However, "it is well-settled law that a motion not expressly ruled on is deemed impliedly overruled." (Citations omitted.) *Montgomery v. Montgomery*, 4th Dist. Scioto Nos. 03CA2923 and 03CA2925, 2004-Ohio-6926,

¶ 18. We find that the facts surrounding the motion in *Montgomery* differ from the instant case. *Montgomery* dealt with a single Crim.R. 29 motion and Beach deals with a two-prong motion — motion to recall the capias and reschedule the pretrial hearing. We determine that when the trial court rescheduled Beach's hearing, and did not have him arrested at the next hearing or subsequent hearings, Beach's capias was therefore recalled. *See, e.g., Cleveland v. Evans*, 8th Dist. Cuyahoga No. 100721, 2014-Ohio-4567, ¶ 25 (the trial court recalled the capias by rescheduling the appellant's pretrial hearing).

{¶ 10} Therefore, Beach's first assignment of error is overruled.

## III.   Speedy Trial Rights

### A.   Standard of Review

{¶ 11}  As such,

> [w]hen reviewing a speedy trial issue, the appellate court counts the days and determines whether the number of days not tolled exceeds the time limits for bringing the defendant to trial as set forth in R.C. 2945.71. *State v. Gibson*, 8th Dist. Cuyahoga No. 100727, 2014-Ohio-3421, ¶ 15; *State v. Shepherd*, 8th Dist. Cuyahoga No. 97962, 2012-Ohio-5415, ¶ 14-16, citing *State v. Barnett*, 12th Dist. Fayette No. CA2002-06-011, 2003-Ohio-2014, ¶ 7. If the state has violated a defendant's right to a speedy trial, then upon motion made at or prior to trial, the defendant "shall be discharged," and further criminal proceedings based on the same conduct are barred. R.C. 2945.73(B); *State v. Torres*, 7th Dist. Jefferson Nos. 12 JE 30 and 12 JE 31, 2014-Ohio-3683, ¶ 18.

*State v. Geraci*, 8th Dist. Cuyahoga Nos. 101946 and 101947, 2015-Ohio-2699, ¶ 20.

## B.  Law and Analysis

{¶ 12}  In Beach's second assignment of error, he contends that the trial court erred when it denied his motion to dismiss the case for a speedy trial violation because the case was not resolved within the time prescribed by R.C. 2945.71.

> A defendant is guaranteed the constitutional right to a speedy trial pursuant to the Sixth and Fourteenth Amendments of the United States Constitution and Section 10, Article I of the Ohio Constitution. *State v. Williams*, 8th Dist. Cuyahoga No. 100898, 2014-Ohio-4475, ¶ 51, citing *State v. Taylor*, 98 Ohio St.3d 27, 2002-Ohio-7017, 781 N.E.2d 72, ¶ 32.  Pursuant to its authority to prescribe reasonable periods in which a trial must be held that are consistent with these constitutional requirements, Ohio enacted R.C. 2945.71 which sets forth the specific time requirements within which the state must bring a defendant to trial.  *State v. Ramey*, 132 Ohio St.3d 309, 2012-Ohio-2904, 971 N.E.2d 937, ¶ 14.

*Id.* at ¶ 18.

{¶ 13}  R.C. 2945.71 states,

> Subject to division (D) of this section, a person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial as follows: Within ninety days after the person's arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days.

{¶ 14}  Our review of the record reveals that Beach was arrested on March 17, 2019, and spent three days in jail before being arraigned on March 20, 2019.  Beach's speedy trial rights calculation therefore began on March 18, 2019.  "Generally, when computing how much time has run against the state under R.C. 2945.71, we begin with the day *after* the accused was arrested."  *State v. Shepherd*, 8th Dist. Cuyahoga No. 97962, 2012-Ohio-5415, ¶ 17, citing *State v. Broughton*, 62 Ohio St.3d 253, 260,

581 N.E.2d 541 (1991). "However, pursuant to R.C. 2945.71(E), each day spent in jail 'on a pending charge' acts as three days toward speedy trial time." *State v. Gibson*, 8th Dist. Cuyahoga No. 100727, 2014-Ohio-3421, ¶ 15. Beach received a personal bond and was released on March 20, 2019, for a total of three days to be counted as nine days toward speedy trial.

{¶ 15} Beach appeared with counsel and requested an initial pretrial hearing that was scheduled for April 11, 2019. Pursuant to R.C. 2945.72(E), this continuance extended or tolled Beach's speedy trial time. Beach requested a continuance for discovery, and the trial court set the date for May 6, 2019. "It is well-established that an accused's request for discovery is a tolling event pursuant to R.C. 2945.72(E). *State v. Brown*, 98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159, ¶ 18; *State v. Benge*, 12th Dist. Butler No. CA99-05-095, 2000 Ohio App. LEXIS 1782." *State v. Barnett*, 12th Dist. Fayette No. CA2002-06-011, 2003-Ohio-2014, ¶ 11.

{¶ 16} On May 6, 2019, Beach requested a continuance to review police body-camera footage with his counsel and the trial court continued the matter until June 4, 2019. Thus, the days tolled under Beach's requests pursuant to R.C. 2945.72(E). Beach failed to appear at the June 12, 2019 hearing, and the trial court issued a capias. Pursuant to R.C. 2945.72(D), Beach's speedy trial days continued to toll. Beach filed a motion to recall the capias on June 25, 2019, and the next day, the trial court rescheduled Beach's hearing for July 16, 2019. R.C. 2945.72(D). Beach was not arrested on the capias nor was his bail revoked. It

is this capias event that is at issue regarding whether Beach's speedy trial time tolled or restarted anew.

{¶ 17} The city argues that once a capias has been issued, the days toward Beach's speedy trial rights reset. *See, e.g., State v. Cochern*, 8th Dist. Cuyahoga No. 104960, 2018-Ohio-265, ¶ 50 (statutory speedy trial clock begins anew upon issuance of a capias). We find that the city's reliance on *Cochern* is incorrect. In *Cochern*, the trial court issued several capias because the defendant failed to appear for several scheduled trial dates and not solely pretrial hearings. Additionally, this court reviewed *Cochern* under a constitutional speedy trial analysis, which it found was "less formulaic" then Ohio's statutory speedy trial protections, stating that there was no "clock" to restart. *Id.* at ¶ 50.

{¶ 18} Likewise, the city's reliance on *State v. Hogan*, 8th Dist. Cuyahoga No. 71337, 1997 Ohio App. LEXIS 4548 (Oct. 9, 1997), is incorrect. In *Hogan,* the defendant was arrested for a theft offense after indictment on February 21, 1996. Hogan was released on bail five days later but failed to appear at a subsequent pretrial hearing. A warrant was issued for Hogan's arrest. Hogan was rearrested on the outstanding warrant on April 6, 1996. The city relies on the court's finding that "[t]he issuance of a capias does more than toll the speedy trial time, it starts the time period anew." *Id.* at ¶ 5. However, the city stops premature of the court's determination. The court continued by stating "[t]he time is recalculated from the time of the rearrest." *State v. Bauer*, 61 Ohio St.2d 83, 399 N.E.2d 555 (1980).

*Hogan* at ¶ 5. In the instant case, Beach was not rearrested. Beach's counsel filed a motion to recall his capias and a new pretrial was rescheduled.

**{¶ 19}** In response to the city's assertion, Beach cites *State v. Jenkins*, 8th Dist. Cuyahoga No. 95006, 2011-Ohio-837, ¶ 16, where this court stated, "[i]f a capias must be issued for the accused, speedy trial time is tolled for this time period." *Id.*, citing *State v. Ennist*, 8th Dist. Cuyahoga No. 90076, 2008-Ohio-5100.

**{¶ 20}** Beach also cites *State v. Shabazz*, 8th Dist. Cuyahoga No. 95021, 2011-Ohio-2260, where the court states,

> If the defendant is not arrested for the offense, speedy trial time begins on the day he is served with the indictment. *State v. Pirkel*, [8th Dist.] Cuyahoga No. 93305, 2010-Ohio-1858. If a capias must be issued for the accused, speedy trial time is tolled for this time period. *State v. Ennist*, [8th Dist.] Cuyahoga No. 90076, 2008-Ohio-5100.

*Id.* at ¶ 25.

**{¶ 21}** We find that Beach did not delay a trial and was not rearrested triggering a restart of his speedy trial time. Therefore, we further find that the issuing of the capias does not reset the days counted toward Beach's speedy trial rights but tolled his time.

**{¶ 22}** In light of this decision, we have provided a chart to determine the number of days concerning Beach's speedy trial clock.

| Date | Event | Statute/Case | Total Days |
|---|---|---|---|
| 3/17/19 | Beach arrested. | | |
| 3/20/19 | Beach arraigned and released from jail. | R.C. 2945.71(E) | 9 |
| 4/11/19 | Pretrial hearing; Beach requests continuance for discovery. | R.C. 2945.72(E) | 31 |

| Date | Event | Statute/Case | Total Days |
|------|-------|--------------|------------|
| 5/6/19 | Pretrial hearing; Beach requests continuance to view evidence. | R.C. 2945.72(E) | 31 |
| 6/4/19 | Pretrial hearing; Beach requests a continuance to decide whether to go to trial. | R.C. 2945.72(E) | 31 |
| 6/12/19 | Beach failed to appear to hearing. Capias issued. | R.C. 2945.72(D) | 31 |
| 6/25/19 | Beach filed a motion to recall the capias. | R.C. 2945.72(D) | 31 |
| 6/26/19 | Trial court recalled capias and rescheduled hearing at Beach's request. | R.C. 2945.72(E) | 31 |
| 7/16/19 | Beach requests continuance. | R.C. 2945.72(E) | 31 |
| 8/7/19 | Motion to suppress hearing and case continued at Beach's request. | R.C. 2945.72(H) | 31 |
| 8/21/19 | Beach requests jury trial. | R.C. 2945.72(E) | 31 |
| 10/24/19 | City requests continuance due to officer unavailability; Trial scheduled for 11/4/19. | R.C. 2945.72(H) | 95 |
| 11/4/19 | Trial court continued case without explanation. | | 105 |
| 11/14/19 | City requests continuance due to illness. | *State v. Watson*, 10th Dist. Franklin No. 13AP-148, 2013-Ohio-5603, ¶ 20. | 105 |
| 12/4/19 | Trial Date. | | 105 |

{¶ 23} We determine from the record that the total days from the time Beach was arrested until trial on December 4, 2019, is 105 days. By statute, Beach was required to be brought to trial within 90 days of his arrest. R.C. 2945.71(D).

{¶ 24} Therefore, Beach's second assignment of error is sustained.

{¶ 25} Defendant's conviction and sentence is vacated.

It is ordered that appellant recover from appellee his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
LISA B. FORBES, J., CONCUR