[Cite as *Wagner v. Wagner*, 2024-Ohio-728.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

DAVID L. WAGNER,                    :

    Plaintiff-Appellee,              :

                             No. 112560

    v.                                       :

VICTORIA WAGNER,                    :

    Defendant-Appellant.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 29, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-10-329940

---

***Appearances:***

Joseph Bancsi, *for appellee.*

Stafford Law Co., L.P.A., Joseph G. Stafford, Nicole A. Cruz, and Kelley R. Tauring, *for appellant.*

MICHAEL JOHN RYAN, J.:

{¶ 1} Defendant-appellant, Victoria Wagner, appeals the trial court's February 27, 2023 judgment entry granting plaintiff-appellee's, David Wagner,

motion to dismiss Victoria's motion to modify child support, finding that Victoria's motion was moot. We affirm.

{¶ 2} Victoria and David were previously married and divorced on June 10, 2011. One child was born of the marriage and that child has now reached the age of majority. Pursuant to the judgment entry of divorce, David was designated the child support obligor and ordered to pay child support in the amount of $409.93 per month.

{¶ 3} On November 16, 2015, Victoria filed a consolidated motion, which included a motion to modify child support asking that child support be modified "based upon changes in circumstances * * * including, but not limited to * * * the parties' incomes and expenses [and] the child's activities and issues relating to the parties as it relates to the minor child." The motion was referred to a magistrate and set for a hearing; it appears that a hearing took place but did not conclude. On December 23, 2019, the trial court issued a judgment entry staying the proceedings due to the unavailability of Victoria's counsel for medical reasons.[1]

{¶ 4} On February 23, 2021, the trial court issued an order adopting the Child Support Enforcement Agency's ("CSEA") administrative recommendation, which modified David's child support obligation effective August 1, 2020. David's child

---

[1] During oral argument, Victoria's attorney argued that the stay was never lifted; therefore, the trial court had no authority to issue any orders after the court issued the December 23, 2019 stay. This argument was presented for the first time at oral argument so we decline to consider it. We do note, however, that in her brief on appeal, Victoria stated that the case was stayed for a definite time period of "13 months"; moreover, Victoria's attorney appeared and actively participated in the case once his medical condition was resolved.

support obligation was increased to $433.70 per month, plus $14.62 per month for cash medical support.

{¶ 5} In January 2023, David moved to dismiss Victoria's motion to modify child support. On February 27, 2023, the trial court issued a judgment entry granting David's motion to dismiss Victoria's motion to modify child support ruling that her motion was moot.

{¶ 6} Victoria filed a notice of appeal and raises one assignment of error for our review:

> I. The trial court erred as a matter of law and abused its discretion by dismissing the Appellant's Motion to Modify Child Support and by finding that the Motion to Modify was moot.

**Order Being Appealed**

{¶ 7} As an initial matter, we must determine which order or orders Victoria is appealing from that will be considered on appeal.

{¶ 8} In November 2015, Victoria filed her motion to modify child support. On February 23, 2021, the court issued an order adopting CSEA's administrative recommendation, which modified child support effective August 1, 2020. In January 2023, David filed a motion to dismiss Victoria's motion to modify child support.

{¶ 9} On February 27, 2023, the trial court granted David's motion to dismiss. In its journal entry, the trial court stated that Victoria's motion would be denied as moot because of the court's February 23, 2021 judgment entry adopting CSEA's recommendation.

{¶ 10} In her notice of appeal, Victoria attached the court's February 27, 2023 judgment entry. David argues that because the gravamen of Victoria's appeal challenges the trial court's judgment entry from February 23, 2021, her appeal should be dismissed for lack of jurisdiction because it does not comply with App.R. 3 and 4.

{¶ 11} App.R. 3(D) provides that a notice of appeal "shall designate the judgment, order or part thereof appealed from." *State v. Henderson*, 8th Dist. Cuyahoga No. 100385, 2014-Ohio-2061, ¶ 8. "A court of appeals lacks jurisdiction to review a judgment or order that is not designated in the notice of appeal." *Id.*, citing *Parks v. Baltimore & O.R.R.*, 77 Ohio App.3d 426, 602 N.E.2d 674 (8th Dist.1991).

{¶ 12} David does not dispute that the February 23, 2021 order did not become final until it was disposed of through the court's February 27, 2023 entry finding the motion was moot. If Victoria wanted to appeal any portion of the February 23, 2021 order adopting CSEA's administrative recommendation she could have done so within 30 days of the February 2023 judgment pursuant to App.R. 4 either by attaching that entry to her notice of appeal or by filing an amended appeal under App.R. 3(F), which allows a party to "amend a notice of appeal without leave if the time to appeal from the order that was the subject of the initial notice of appeal has not yet lapsed under App.R. 4." Victoria could have also sought leave to amend her notice of appeal to include the February 23, 2021 judgment entry under App.R. 3(F), but she did not do so. *See* App.R. 3(F) ("[T]he

court of appeals within its discretion and upon such terms as are just may allow the amendment of a notice of appeal, so long as the amendment does not seek to appeal from a trial court order beyond the time requirements of App.R. 4.").

{¶ 13} This court has routinely held that "'[i]nterlocutory orders * * * are merged into the final judgment * * * [t]hus, an appeal from the final judgment includes all interlocutory orders merged with it.'" (Internal citations omitted.) *Crenshaw v. Cleveland Police Dept.*, 8th Dist. Cuyahoga No. 110951, 2022-Ohio-3915, ¶ 2, fn. 1, citing *O'Connor v. Fairview Hosp.*, 8th District Cuyahoga No. 98721, 2013-Ohio-1794, ¶ 19. Thus, this court has jurisdiction over all orders issued prior to and including the February 27, 2023 order.

{¶ 14} Victoria maintains, however, that she is appealing *only* the February 27, 2023 order. Therefore, the trial court's February 27, 2023 order is the only judgment entry that will be considered in this appeal.

**February 27, 2023 Judgment Entry**

{¶ 15} In its February 27, 2023 ruling, the trial court granted David's motion to dismiss, finding that Victoria's motion to modify child support was moot. In her sole assignment of error, Victoria contends that the trial court erred in this regard. Victoria argues that the trial court's *February 23, 2021* order failed to address all of her claims, including her claim that CSEA's recommendation should have been retroactive to November 16, 2015, when she initially filed her motion to modify child support.

{¶ 16} In its February 27, 2023 order, the trial court noted that its February 21, 2021 judgment entry found that neither party requested a hearing to review CSEA's recommendation and if either party had wanted to object to CSEA's recommendation, that party had the ability to do so prior to the court's February 23, 2021 ruling.[2]

{¶ 17} The court's February 27, 2023 judgment, the sole order that is being appealed in this case, did not make substantive changes to the court's previously issued child support order dated February 23, 2021. In fact, the February 27, 2023 order only reiterates procedural facts and findings made in the February 23, 2021 order. Had Victoria wanted to challenge CSEA's administrative recommendation, she could have done so within the time allotted and prior to the trial court's February 23, 2021 order. Because this court is solely reviewing the trial court February 27, 2023 order, whether or not the trial court's February 23, 2021 order addressed all of Victoria's claims, including the retroactive modification of child support back to the initial November 16, 2015, filing date, is not before us to determine. We are limited to reviewing the February 27, 2023 order, and we find no error in that order.

{¶ 18} In light of the above, we find that the trial court did not err in denying Victoria's motion as moot and in granting David's motion to dismiss.

---

[2] CSEA's administrative recommendation was issued on January 7, 2021, and was attached to, and referenced in, the court's February 23, 2021 order. The recommendation provides: "You have the right to request an administrative adjustment hearing if you disagree with the results of the administrative review. Your request * * * must be received within fourteen (14) days of the date this notice was issued."

{¶ 19} The sole assignment of error is overruled.

{¶ 20} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MICHAEL JOHN RYAN, JUDGE

EILEEN T. GALLAGHER, P.J., and
ANITA LASTER MAYS, J., CONCUR